## H. R. Konhaus, trading and doing business as H. R. Konhaus Funeral Home, Plaintiff, *v.* John C. Lutton, trading and doing business as John C. Lutton Funeral Home, Defendant.

Submitted on briefs, June 27, 1975, to President Judge
BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKIN-
SON, JR., MENCER, ROGERS and BLATT.

*James B. Yelovich,* with him *Kimmel, Rascona, Yelo-
vich & Bowman,* for plaintiff.

*Robert P. Kane,* Attorney General, with him *Lawrence
Silver,* Deputy Attorney General, and *Hubert B. Barnes,*
Deputy Attorney General, for defendant.

OPINION BY PRESIDENT JUDGE BOWMAN, September
5, 1975:

Upon petition of defendant, the Court of Common
Pleas of Beaver County transferred the instant case to
this Court, having concluded that we have exclusive
original jurisdiction over plaintiff's cause of action. We
have *sua sponte* raised the question of our jurisdiction.
We reach a contrary conclusion and retransfer the case.

Plaintiff's cause of action is one in trespass for tor-
tious interference with a business relationship pleaded in
two counts. In the first count, plaintiff avers he is engaged
in the business of a funeral director and identifies and

sues defendant as an individual engaged in the same business. Other averments of this count direct themselves to the identity and relationship of an apprentice funeral director to plaintiff and thereafter to defendant, out of which relationships plaintiff claims damages for tortious interference. As to this count, defendant appears to concede that the Commonwealth Court would enjoy only pendent jurisdiction incident to our exclusive original jurisdiction assertedly found in the second count of the complaint.

This Court's jurisdiction is wholly statutory as found in the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, 17 P. S. §211.401 et seq. Within the framework of our *original* jurisdiction, it is narrowly circumscribed to encompass only civil actions or proceedings by or against the Commonwealth or any officer thereof "acting in his official capacity." It is *exclusive* as to actions against the Commonwealth and concurrent with the several courts of common pleas in actions or proceedings by the Commonwealth.

Unlike jurisdictional criteria applicable to the other courts of this Commonwealth, our jurisdiction is predicated upon the identity of the parties and the capacity in which they sue or are sued. The nature of the cause of action asserted assumes importance and only becomes critical in determining our jurisdiction with respect to causes asserted against an officer of the Commonwealth acting in his official capacity. As to this class of actions, it is necessary to not only determine the true nature of the cause asserted, but also to decide if its essential thrust is directed against the defendant for actions taken or performed in his official capacity.

Defendant structures his argument that we enjoy exclusive original jurisdiction over plaintiff's cause of action upon a syllogism, the first premise of which is that defendant, by virtue of his public office as a high public official, enjoys official immunity; and the second premise

of which is that the substance of plaintiff's complaint reveals its true nature to be directed against defendant in his official capacity.

Official immunity, as a corollary to sovereign immunity, is said to be available to high public officials when acting officially and within the scope of their authority. *Kovach v. Toensmeier Adjustment Service, Inc.,* 14 Pa. Commonwealth Ct. 214, 321 A.2d 422 (1974); *McCoy v. Commonwealth,* 9 Pa. Commonwealth Ct. 107, 305 A.2d 746 (1973), *aff'd per curiam,* 457 Pa. 513, 326 A.2d 396 (1974). It has been sustained in some cases after proof of the ingredients at trial and has been successfully asserted in other cases when the opponent's pleading brings the sued official within the rule. We do not believe, however, that defendant's entitlement to the protection of official immunity based upon the averments of plaintiff's complaint in this case is necessarily controlling of the issue of our jurisdiction. Although the availability of official immunity to those who are acting officially and within the scope of their authority poses remarkedly close questions to that posed as to our jurisdiction over suits against officers of the Commonwealth acting in their official capacity, a distinction should and must be made to avoid the obvious result of not only preliminarily determining our jurisdiction, but also at the same time declaring that official immunity is an absolute defense available to defendant in plaintiff's cause of action.

We, therefore, reject defendant's first premise.

While it is axiomatic that the substance rather than the form of an action must be examined to determine if, in reality, it is one against an officer of the Commonwealth acting in his official capacity, we disagree with defendant that such is the essence of plaintiff's suit here. The gravamen of the first count of plaintiff's complaint for tortious interference with a business relationship avers defendant to have knowingly, willfully and maliciously induced an apprentice to leave plaintiff's employment and in doing so, falsely and fraudulently promising *the ap-*

*prentice* that defendant's position as Chairman of the State Board of Funeral Directors would inure to the apprentice's advantage in qualifying for license. In allegedly so acting, defendant's action was not directed against the plaintiff.

The critical second count of plaintiff's complaint avers that defendant misused and abused his public office in an effort to compel plaintiff to certify the apprentice's prior experience with plaintiff as having been satisfactory. To this end, plaintiff says defendant caused plaintiff to be summoned twice before the State Board and to be threatened with a formal citation for failure to appear, which jeopardized his professional reputation, standing and licensure status, to his professional embarrassment before the State Board and with his peers. Conspicuously absent are any averments that defendant in so acting did so under the authority of his office.

Considering that plaintiff identifies and sues defendant as an individual engaged in the funeral director business and not as Chairman of the State Board, that the essential nature of the cause of action is one for tortious interference with a business relationship, and the absence of any averment or inference that the complained of acts and actions of the defendant were taken or performed in his official capacity, we can only conclude that the cause asserted is not one against a State officer acting in his official capacity.

Accordingly, we enter the following

### ORDER

Now, September 5, 1975, as prescribed by section 503 (b) of the Appellate Court Jurisdiction Act of 1970, 17 P. S. §211.503 (b), this case is retransferred to the Court of Common Pleas of Beaver County.

The Chief Clerk is hereby directed to retransfer the record to the Prothonotary of said Court together with a certified copy of the docket entries of the proceedings in this Court and of this opinion and Order.