The General State Authority of the Commonwealth of Pennsylvania, Plaintiff *v.* Boyd H. Kline and Federal Insurance Company, Defendants; Lyle F. Boulware, et al., Additional Defendants.

Argued December 6, 1976, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*John A. Alogna,* Assistant Counsel, with him *Richard D. Holahan,* Assistant Attorney General, and *Arnold L. Wainstein,* Assistant Attorney General, for plaintiff.

*C. Grainger Bowman,* with him *Edward C. First, Jr.,* and *McNees, Wallace and Nurick,* for defendants, Boyd H. Kline and Federal Insurance Company.

*William J. C. O'Donnell,* for defendant, Lyle F. Boulware.

*Edward E. Knauss, III,* with him *Metzger, Wickersham, Knauss & Erb,* for defendants, George M. Ewing

Co., George M. Ewing, Sr., George M. Ewing, Jr., and Alexander Ewing.

*Frank Townend,* with him *Hugh J. O'Connell,* and *Silverblatt & Townend,* for additional defendant, General Roofing and Insulation Co., Inc.

OPINION BY JUDGE BLATT, March 11, 1977:

This is an action in assumpsit and trespass brought within our original jurisdiction by the General State Authority[1] (GSA). It originates in a series of written contracts entered into by the GSA for the design and construction of several buildings at the White Haven School, where, while the buildings were still under construction, the GSA discovered that several roofs were defective. After unsuccessful efforts to have the problem corrected, the GSA replaced. the roofs and it has now brought this action against the architects and the general contractor and also against the general contractor's surety. The GSA avers that the negligent design and construction of the roofs constituted breaches of the respective parties' contracts which in turn forced the GSA, although paying the full contract price, to seek alternative performance. The contractor and the surety have also brought a third party action against the architect and roofing contractor for indemnity and contribution should they be found liable to the GSA. We are concerned here with the preliminary objections of the architect, contractor and surety to the GSA complaint and with the preliminary objections of the architect and roofing contractor to the third party complaint.

---

[1] Subsequent to the filing of the original complaint in this action, the GSA was merged into the Department of General Services by the Act of July 22, 1975, P.L. 75, No. 45, which amended the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §51 et seq.

All of the defendants argue that the GSA complaint is barred by the statute of limitations because, although the defective roofs were discovered by the GSA in 1964, this action was not commenced until 1972. They contend that the GSA is subject to the six-year statute of limitations on contract actions provided in the Act of March 27, 1713, 1 Sm. L. 76, 12 P.S. §31, and that, because this action was brought more than six years after the discovery of the defect, the complaint is untimely and must be dismissed. We disagree.

It is a general rule that the Commonwealth as a sovereign is not subject to the statute of limitations. *Commonwealth v. Musser Forests, Inc.*, 394 Pa. 205, 146 A.2d 714 (1958); *Frey's Estate*, 342 Pa. 351, 21 A.2d 23 (1941). Moreover, we have previously held on several occasions that the GSA is an authority of the Commonwealth and as such is entitled to the shield of sovereign immunity. *General State Authority v. Pacific Indemnity Co.*, 24 Pa. Commonwealth Ct. 82, 354 A.2d 56 (1976); *Armour Rentals, Inc. v. General State Authority*, 4 Pa. Commonwealth Ct. 517, 287 A.2d 862 (1972). We believe, therefore, that the statute of limitations does not apply to actions brought by the GSA and that the complaint was not untimely.

The defendants also argue that the complaint is barred by laches. We note, however, that this is a suit in assumpsit governed by principles in law rather than by principles in equity and that the defense of laches, therefore, is unavailable to the defendants here. *Graybill v. Juniata County School District*, 21 Pa. Commonwealth Ct. 630, 347 A.2d 524 (1975).

In addition, the defendants argue that specific provisions of their respective contracts with the GSA provided for limited periods of time for the bringing of actions for breach and that the lapse of these periods now bars this action. Although it is a general

rule that the parties to a contract may provide for a shorter period of limitations than that provided by statute, *see Commonwealth v. TransAmerica Insurance Co.*, 12 Pa. Commonwealth Ct. 190, 316 A.2d 85 (1974), we do not believe that this rule applies here.

The contract provision relied upon by the contractor and surety provides for a one-year specific performance type of remedy which is secured by a maintenance bond equal to 10% of the total contract price. The contract provision here in question states:

> Contractor covenants and agrees to remedy without cost to The Authority, any defect which may develop within one (1) year from the date of completion and acceptance of the work performed under this contract, provided said defects in the judgment of The Authority or its successors having jurisdiction in the premises, are caused by defective or inferior materials and workmanship; and the bond hereto attached and made a part hereof shall provide a guarantee in the sum of ten percentum (10%) of the total contract price of the work done for the correction and remedy of such defect.

It is their contention that this provision fixes the applicable limitations period as one year from the completion and acceptance of the work performed, and that, because the work here was completed in 1965, that provision is a bar to this action. Our careful review of the entire contract leads us to conclude, however, that this provision is only an additional guarantee to the GSA and was not intended to provide an exclusive remedy for the GSA in the event of defective performance. This conclusion is supported by paragraph 83 of the contract, which provides in pertinent part:

> The Authority shall not be precluded or estopped notwithstanding any such measurements,

estimate, certificate or payment in accordance therewith from demanding and recovering from the Contractor and/or his Surety such damages as it may sustain by reason of his failure to comply with the terms of the specifications and the contract. . . . Neither the acceptance by the Authority or the Architect or Engineer or any of their agents or employees; nor any certificate approved for payment of money; nor any payments for, nor acceptance of the whole or any part of the work by The Authority, nor any extension of time, nor any possession taken by The Authority or its employees shall operate as a waiver of any portion of the contract or any power herein reserved by The Authority, or any right to damages; nor shall any waiver of any breach of the contract be held to be a waiver of any other or subsequent breach.

The complaint here avers a breach of the contractor's general obligation to perform his contract in a proper, workmanlike manner and does not rely solely on the specific performance provision. We hold, therefore, that this action is not barred by the limitations period contained in the contract.

The architects rely on a provision of their professional agreement with the GSA and contend that it requires all claims to be made before final payment. This provision reads as follows:

All questions or disputes concerning questions of fact arising between the parties respecting any matter pertaining to this Agreement shall be decided by the Executive Director of The Authority subject to written appeal by the Architect within thirty (30) days to the Board of The Authority, whose decision and award shall be final, binding and conclusive upon all parties hereto, without exception or appeal; and

> all right or rights or any action at law, or in
> equity, under and by virtue of this Agreement
> and all matters connected with it and relative
> thereto are hereby expressly waived. Refer-
> ence to questions under this arbitration provi-
> sion must be presented prior to the final pay-
> ment.

Our reading of this provision does not support the in-
terpretation of the architects. It provides only that
all questions of fact arising under the agreement are
subject to a binding arbitration procedure and must
be raised before final payment or be considered to
have been waived. We believe that it would be un-
reasonable to interpret the cited provision as GSA's
exclusive remedy and as a bar to this action for de-
fective design.

The contractor and surety have also moved for a
more specific pleading, contending that the complaint
does not effectively plead that the defendants were
informed that the roofs were defective. Our exami-
nation of the complaint, however, indicates that it is
sufficiently specific so as to enable the defendants to
prepare their defense. The motion for a more spe-
cific pleading is therefore denied.

The architect and roofing contractor argue that the
statute of limitations provided in Section 1 of the
Act of December 22, 1965, (Act) P.L. 1183, 12 P.S.
§65.1, bars the third party action of the contractor and
surety. This statute provides in pertinent part:

> No action . . . whether in contract, in tort or
> otherwise, to recover damages:
>
> . (1) For any deficiency in the design, plan-
> ning, supervision or observation of construction
> or construction of an improvement to real prop-
> erty,
>
> . . . .
>
> shall be brought against any person lawfully
> performing or furnishing the design . . . or con-

struction of such improvement more than twelve years after completion of such an improvement. Noting that the construction of the roofs in question here was completed January 28, 1965 and that the bar would, therefore, become effective January 28, 1977, they argue that, because the contractor's and surety's right to indemnity and contribution will not accrue until the GSA has obtained a judgment against them, the twelve-year bar will be effective by then and make the action impossible. We note, however, that these parties were joined by the contractor and surety pursuant to Pa. R.C.P. No. 2252(a), which provides:

In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

The contractor and surety have alleged alternatively that the architect and roofing contractor are: (1) solely liable; (2) jointly and severally liable with the contractor and surety; or (3) liable over to the contractor and surety. We believe that the contractor and surety had the option under Pa. R.C.P. No. 2252(a) to bring this action and that inasmuch as the action was commenced within the twelve-year period after the roofs here in question were completed, Section 1 of the Act does not bar the third party complaint.

The preliminary objections of all the defendants to both the GSA complaint and the third party complaint are, therefore, overruled.

## ORDER

AND Now, this 11th day of March, 1977, the preliminary objections of Boyd H. Kline, Federal Insurance Company, Lyle F. Boulware and George N. Ewing, Associated Architects, to the complaint of the General State Authority are hereby overruled. The preliminary objections of General Roofing & Insulation Company and Lyle F. Boulware and George N. Ewing, Associated Architects, to the complaint of Boyd H. Kline and Federal Insurance Company are also hereby overruled.

