The General State Authority, Commonwealth of Pennsylvania, Plaintiff v. George M. Ewing Company et al., Defendants. Fred Loffredo et al., Additional Defendants.

Argued March 11, 1977, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

524

*Michael A. Madar*, General Counsel, with him *Arnold L. Wainstein*, Assistant Counsel, and *Richard D. Holahan*, Assistant General Counsel, for plaintiff.

*Edward E. Knauss, III*, with him *Metzger, Wickersham, Knauss & Erb; Robert W. Maris; John M. Elliott;* and *Dilworth, Paxson, Kalish & Levy*, for defendants.

*Walter W. Wilt*, with him *Hepford, Zimmerman & Swartz; Warren S. Radler;* and *Saperston, Day & Radler*, for additional defendant, Dow Chemical Co.

PER CURIAM OPINION AND ORDER, April 13, 1977:

The parties agree that the primary question argued before the Court on March 11, 1977, on these preliminary objections is whether the statute of limitations can be asserted to bar a claim by the General State Authority.[1] On March 11, 1977, the same day this case was argued, this Court filed its decision in *General State Authority v. Kline*, 29 Pa. Commonwealth Ct. 232, 370 A.2d 402 (1977), a case that raised the identical question and held, with an opinion by

---

[1] There was a subsidiary question of whether one of the additional defendants, Dow Chemical Company, could be joined as an additional defendant on the theory of sole liability if the statute of limitations was a bar. The question is now moot in this case.

Judge Blatt, that the statute of limitations does not apply to actions brought by the General State Authority.

Accordingly, we will enter the following

### Order

Now, April 13, 1977, the preliminary objections of Dow Chemical Company to the complaint joining it as an additional defendant are overruled.