Sylvester King and Charlotte King, his wife, Plaintiffs *v.* The General State Authority and The City of Pittsburgh, Defendants; The University of Pittsburgh, Additional Defendant.

Argued May 5, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*Edward P. Weiss,* with him *William B. Dixon,* and *Middleman & Dixon,* for plaintiff.

*John M. Baginski,* with him *James A. Beinkemper, Sr.; Wayman, Irvin, Trushel & McAuley; John L. Sweezy,* Assistant General Counsel; and *Michael Madar,* General Counsel, for defendant, GSA.

*Bernice Hummert,* Trial Counsel, with her *Mead J. Mulvihill, Jr.,* City Solicitor, for defendant, City of Pittsburgh.

*Stewart M. Flam,* with him *Wilbur McCoy Otto,* and *Dickie, McCamey & Chilcote,* for additional defendant.

OPINION BY JUDGE BLATT, June 8, 1977:

This is an action within our original jurisdiction which has been transferred here by the Court of Common Pleas of Allegheny County. Sylvester and Charlotte King filed a complaint in trespass in that court against the General State Authority[1] (GSA) and the City of Pittsburgh (City), alleging that Charlotte King fell and was seriously injured on the negligently maintained sidewalk of a property located in the City of Pittsburgh which was in "the exclusive possession and control" of the GSA. The property had been previously condemned by the GSA and the building thereon was used as a student center by the University of

---

[1] Subsequent to the filing of the original complaint in this action, the GSA was merged into the Department of General Services by the Act of July 22, 1975, P.L. 75, No. 45, which amended the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §51 et seq.

Pittsburgh (University). The City subsequently joined the University as an additional defendant in this action. Several preliminary objections were raised by GSA in the court of common pleas, including one challenging the jurisdiction of that court to consider the action. That court sustained the latter objection and transferred the case here. Presently before us are GSA's remaining preliminary objections, primarily one in the form of a demurrer raising the bar of sovereign immunity to the plaintiffs' action.

The doctrine of sovereign immunity provides that the Commonwealth, or an instrumentality or agency of the Commonwealth, cannot be sued without legislative consent. Pa. Const. Art. I, §11, *Biello v. Pennsylvania Liquor Control Board,* 454 Pa. 179, 183, 301 A.2d 849, 851 (1973). This Court has held on several occasions that the GSA is an agency of the Commonwealth able to invoke this doctrine. *General State Authority v. Kline,* 29 Pa. Commonwealth Ct. 232, 370 A.2d 402 (1977); *Williams v. West Chester State College,* 29 Pa. Commonwealth Ct. 240, 370 A.2d 774 (1977); *General State Authority v. Pacific Indemnity Co.,* 24 Pa. Commonwealth Ct. 82, 354 A.2d 56 (1976). Inasmuch as no legislative consent was given to this action, therefore, the bar of sovereign immunity is available in this instance and GSA's preliminary objection must be sustained.

With the removal of the GSA as a defendant in this action, this Court no longer has exclusive original jurisdiction as provided in Section 401(a)(1) of the Appellate Court Jurisdiction Act of 1970,[2] 17 P.S. §211.401(a)(1). This matter must therefore be transferred to a court of proper jurisdiction for further proceedings.

---

[2] Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.401 (a)(1).

## Order

And Now, this 8th day of June, 1977, the preliminary objection of the General State Authority in the form of a demurrer is sustained. It is ordered that this matter be retransferred to the Court of Common Pleas of Allegheny County, and the Chief Clerk is directed to retransfer the record in this case to the Prothonotary of the Court of Common Pleas of Allegheny County together with a certified copy of the docket entries in this Court and of this opinion.