Peggi M. Brown, Appellant *v.* The Honorable Newton C. Taylor et al., Appellees.

Argued September 11, 1984, before President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, BARRY and COLINS.

24

*Charles A. Bierbach,* for appellant.

*Paul J. Gelman,* with him, *Howard C. Taylor, Dianne L. Anderson* and *Charles W. Johns,* for appellee, The Honorable Newton C. Taylor.

*Joseph J. Bosick, Meyer, Darragh, Buckler, Bebenek & Eck,* for appellees, Sather, Wilson, Steninger and The County of Huntingdon.

OPINION BY JUDGE MACPHAIL, June 10, 1985:

This appeal results from an order of the Court of Common Pleas of Huntingdon County[1] which sustained preliminary objections of defendants-appellees, the Honorable NEWTON C. TAYLOR, President Judge of Huntingdon County (appellee Judge TAYLOR), Larry D. Sather, Lee R. Wilson and Merle E. Steininger, County Commissioners of Huntingdon

---

[1] This case was heard by the Honorable W. HENSEL BROWN, S.J., sitting by special assignment.

County and the County of Huntingdon (appellee Commissioners) and dismissed a complaint filed by Peggi M. Brown (Appellant).

Appellant's complaint states that Appellant was employed as a court stenographer by the County of Huntingdon in June of 1975. In that capacity, she worked under the immediate supervision of appellee Judge TAYLOR. On November 25, 1980 appellee Judge TAYLOR informed Appellant that her employment was being immediately terminated. The reason for the termination was never communicated to Appellant. At the time her employment was terminated, the County had in effect a Public Service Employees Code of Conduct, Ethics, and Practice (Code) which, *inter alia,* guaranteed county employees certain rights before being terminated. Appellant, through her attorney, contacted the County Commissioners and requested reinstatement with back pay. When that request was refused, Appellant filed the lawsuit which is the subject of this appeal.

Appellant's complaint sets forth three causes of action: 1) a violation of her constitutional right to due process under the 14th Amendment to the U. S. Constitution and a violation of her civil rights under 42 U.S.C. §1983, 2) an action in assumpsit alleging that she was terminated in violation of the provisions of the Code which she states was a breach of her employment contract and 3) an action in trespass alleging a breach of duty owed to her which constitutes the "tort of wrongful discharge".

Appellee Judge TAYLOR's preliminary objections were in the nature of a petition raising the question of jurisdiction, a demurrer to all three causes of action and a motion to strike because of violation of the rules of civil procedure. Appellee Commissioners' preliminary objections were in the nature of a demurrer

to all three causes of action and a motion to strike because the provisions of Section 1620 of the County Code, Act of August 9, 1955, P.L. 323, *as amended,* 16. P.S. §1620 state, *inter alia,* that County Commissioners have the exclusive power and authority to represent the courts in collective bargaining negotiations, but that right does not affect the hiring, discharging and supervising of judicial employees by the judiciary.

The trial court, in ruling on the preliminary objections of appellee Judge TAYLOR held that: 1) jurisdiction of Appellant's cause of action asserted against appellee Judge TAYLOR was vested in the Commonwealth Court of Pennsylvania by virtue of the provisions of the Judicial Code, 42 Pa. C. S. §761(a)(1) and 2) the Appellant failed to state a cause of action against appellee Judge TAYLOR because she failed to allege any claim of entitlement to future employment other than the Code and under prevailing law, she has no property interest in her employment. The trial court, accordingly, sustained the preliminary objections raising the question of jurisdiction and in the nature of a demurrer and dismissed the complaint as to appellee Judge TAYLOR.

With respect to appellee Commissioners, the trial court sustained both the motion to strike and the demurrers because Appellant failed to set forth any duty owed to her and the Code was unenforceable as to her "under the circumstances as alleged in the complaint". The trial court dismissed the complaint as to appellee Commissioners, as well.

PETITION RAISING QUESTION OF JURISDICTION

Section 761(a)(1) of the Judicial Code provides, with certain exceptions the trial court found to be inapplicable here, that this Court has exclusive jurisdic-

tion of causes of action against officers of the Commonwealth government.

Preliminarily we observe that our jurisdiction is "unique in that it is predicated upon the identity of the parties and the capacity in which they sue or are sued rather than upon the nature of the cause of action asserted." *General State Authority v. Pacific Indemnity Co.*, 24 Pa. Commonwealth Ct. 82, 87-88, 354 A.2d 56, 59 (1976). As we stated in *Konhaus v. Lutton*, 21 Pa. Commonwealth Ct. 181, 183, 344 A.2d 763, 764 (1975):

> The nature of the cause of action asserted assumes importance and only becomes critical in determining our jurisdiction with respect to causes asserted against an officer of the Commonwealth acting in his official capacity. As to this class of actions, it is necessary to not only determine the true nature of the cause asserted, but also to decide if its essential thrust is directed againt the defendant for actions taken or performed in his official capacity.

The jurisdictional issue, then, is two-fold: we must have jurisdiction not only over the person but we must also have jurisdiction over the action. Our analysis of the jurisdictional question begins with the premise that a judge of any court of common pleas, when sued in his official capacity, is either the "Commonwealth government" or an officer thereof. Therefore, we do have jurisdiction over appellee Judge TAYLOR; we next focus upon the nature of the cause of action asserted. *Konhaus.*

As we have noted, Appellant has set forth three causes of action against appellee Judge TAYLOR. In a recent decision of our Supreme Court, which decision was not available to the trial court, it was held that "actions against the Commonwealth or its officers

acting in their official capacity for money damages based on tort liability are outside the original jurisdiction of Commonwealth Court and are properly commenced in the Courts of Common Pleas." *Balshy v. Rank,* Pa. , , 490 A.2d 415, 420-21 (1985). The *Balshy* Court also concluded that actions under 42 U.S.C. §§1983 and 1985 are actions in the nature of a trespass which would be excepted from our original jurisdiction.

Applying those holdings to the instant case, we must conclude that the trial court erred when it held that the court of common pleas lacked jurisdiction to adjudicate the causes of action in trespass and under Section 1983.

With respect to the cause of action in assumpsit against appellee Judge TAYLOR, we hold that Section 761(a)(1)(iii) of the Judicial Code which excepts from our original jurisdiction actions which should be commenced before the Board of Claims under the provisions of the Act of May 20, 1937, P.L. 728, *as amended,* 72 P.S. §§4651-1-4651-10, would vest jurisdiction of this cause of action in the Board of Claims rather than in this Court. *See Modjeski and Masters v. Larson,* 50 Pa. Commonwealth Ct. 215, 412 A.2d 680 (1980).

### Demurrers of Appellee Judge Taylor

The trial court, after determining that jurisdiction over appellee Judge TAYLOR was vested in this Court, nonetheless proceeded to rule on appellee Judge TAYLOR's demurrers. This was clear error: the trial court, having declared itself to be without jurisdiction over appellee Judge TAYLOR, could not have ruled on his demurrers. *Webb v. Thornburgh,* 52 Pa. Commonwealth Ct. 523, 415 A.2d 1022 (1980); *Collier Township v. Robinson Township,* 25 Pa. Common-

wealth Ct. 227, 360 A.2d 839 (1976). It is thus apparent that the proper order of the trial court would have been to transfer the case to the appropriate forum under the provisions of 42 Pa. C. S. §5103(a) and Pa. R.C.P. No. 213 (f).

We have previously noted, however, that *Balshy* has decided that the court of common pleas *did* have jurisdiction of the causes of action in trespass and under Section 1983. The result then is that although the trial judge erred when he proceeded to rule after holding that he had no jurisdiction, since in fact he *had* jurisdiction it was entirely proper for him to address the demurrers as to those causes of action. We therefore will proceed to exercise our appellate review of the trial court's rulings on the demurrers as to those causes of action, in the interest of judicial economy.

Our Supreme Court recently outlined the guiding principles to be applied in ruling on a demurrer in *The County of Allegheny and the Prison Board of Allegheny v. Commonwealth of Pennsylvania, Bureau of Corrections,* Pa. , , 490 A.2d 402, 408 (1985):

A demurrer can only be sustained where the complaint is clearly insufficient to establish the pleader's right to relief. . . . For the purpose of testing the legal sufficiency of the challenged pleading a preliminary objection in the nature of a demurrer admits as true all well-pleaded, material, relevant facts, . . . and every inference fairly deducible from those facts. . . . The pleader's conclusions or averments of law are not considered to be admitted as true by a demurrer. . . .

Since the sustaining of a demurrer results in a denial of the pleader's claim or a dismissal

of his suit, a preliminary objection in the nature of a demurrer should be sustained only in cases that clearly and without a doubt fail to state a claim for which relief may be granted. . . . If the facts as pleaded state a claim for which relief may be granted under any theory of law then there is sufficient doubt to require the preliminary objection in the nature of a demurrer to be rejected. (Citations omitted.)

Here, the trial court held that since Appellant had no property right in her employment, she was not entitled to due process protection under the United States Constitution nor had her civil rights been violated under Section 1983. It is true that Appellant's constitutional rights are dependent upon a property right in continued employment which right must be created by some independent source such as state law. *Cleveland Board of Education v. Loudermill*, U.S. , 84 L.Ed. 2d 494 (1985). Appellant's complaint asserts that her employment rights are created and protected by the Code adopted by the County. She avers that she "reasonably believed" that all of the appellees were subject to the Code at the time of her termination.

Our appellate review is very much impeded by the fact that the Code is not available to us. Appellant did not attach it to her complaint and it does not otherwise appear in the record. Since Appellant's entire claim is based upon the Code, a writing, it should have been attached to the complaint. Pa. R.C.P. No. 1019(h).

It is now well established that a court stenographer is a judicial employee subject to the exclusive authority of the judiciary to hire, fire and supervise, *Commonwealth ex rel. Bradley v. Pennsylvania Labor*

*Relations Board,* 479 Pa. 440, 388 A.2d 736 (1978), notwithstanding the fact that the employee's salary and other compensation may be fixed by a county salary board. In *Beckert v. American Federation of State, County and Municipal Employees,* 56 Pa. Commonwealth Ct. 572, 425 A.2d 859 (1981), *aff'd,* 501 Pa. 70, 459 A.2d 756 (1983) we held that the discharge of a judicial employee may not be encroached upon by any other branch of government. We did recognize in *Beckert,* however, that a court of common pleas could voluntarily subject itself to a code protecting the rights of judicial employees as long as the code in question did not transfer any of the court's constitutional powers to another branch of government.

The trial court held in the instant case Appellant's failure to allege that the court adopted the Code was fatal to her cause of action. While the trial court's logic cannot be questioned, we are of the opinion that in light of the instruction of our Supreme Court in *The County of Allegheny and the Prison Board of Allegheny County,* and our own inability to review the provisions of the Code, Appellant must at least be given the opportunity to amend her complaint, if she can, by specifically setting forth where in the Code its provisions are binding upon the court as it pertains to her discharge, or when and how the court adopted the Code, if that is the fact. Appellant should also attach a copy of the Code to her complaint, should further appellate review be necessary.

Regarding Appellant's cause of action in assumpsit, since we have held that the trial court lacked jurisdiction to rule upon that matter, we cannot exercise appellate review of that part of the case. We will remand to the trial court for the entry of an order to transfer that cause of action to the Board of Claims.

### Preliminary Objections of Appellee Commissioners

The trial court rightfully exercised jurisdiction over Appellant's causes of action against the Commissioners. Appellate review of the trial court's rulings on those causes of action may be vested in the Superior Court by virtue of 42 Pa. C. S. §742 but, again in the interest of judicial economy, we will invoke the provisions of 42 Pa. C. S. §704(a) and Pa. R.A.P. 741(a) and exercise our own jurisdiction, no objection having been raised thereto.

In dismissing the action against the Commissioners, the trial court reiterated its previous position that since Appellant is a court employee, her rights regarding involuntary termination are limited by the law. The trial judge ruled that Judge TAYLOR had the exclusive right to discharge her, therefore any rights she has must be asserted against him, not the appellee Commissioners.

It does seem clear under present law that notwithstanding the adoption of an employees code by the County, the appellee County would have no responsibility, financial or otherwise, for the unlawful discharge of a judicial employee. On the other hand, if the Code impermissibly impinges upon the right of the judiciary to hire, fire or supervise judicial employees or in some way obligates the appellee Commissioners to perform some duty with respect to her whether or not she was a judicial employee, there then may be some basis to impose liability. Again, the fact that we do not have the Code makes it impossible for us properly to perform our appellate review and again we feel that Appellant should be permitted to amend her complaint, if she can, to specifically aver the basis for liability of the appellee Commissioners.

Judge WILLIAMS, JR., did not participate in the decision in this case.

### ORDER

The order of the Court of Common Pleas of Huntingdon County is vacated and the Appellant's complaint is reinstated with leave to amend and the cause is remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.