IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William E. Webster III, :
          Petitioner :
         :
    v. : No. 687 M.D. 2019
         : SUBMITTED: August 28, 2020
Lehigh County Court of Common :
Pleas, et al., :
          Respondents :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                            FILED: October 8, 2020

Petitioner William E. Webster III (Webster), an inmate at the State Correctional Institution - Somerset (SCI-Somerset) has filed a "Verified Complaint and Attached Exhibits" (Complaint) in our original jurisdiction. Therein, Webster names the following as respondents in this matter: Lehigh County Court of Common Pleas, Honorable President Judge Edward Reibman, and Honorable Judge Douglas G. Reichley (collectively, County Judiciary); Lehigh County District Attorney's Office, District Attorney James B. Martin, Chief Deputy District Attorney Heather Gallagher, and Senior Deputy District Attorney Christine F. Murphy (collectively, District Attorney); Official Court Reporter Elizabeth Rocchino, RPR (Rocchino); and Attorney General Josh Shapiro (Attorney General). Webster claims that Gallagher, Murphy, and Rocchino have each improperly sent legal mail to him through an intermediary service, rather than to him directly, and seeks declaratory, injunctive, and other relief as a result. The County Judiciary, the District Attorney, and Rocchino have filed preliminary objections to the Complaint. After thorough

review, we conclude we lack jurisdiction to consider Webster's Complaint. We therefore transfer this matter to the Court of Common Pleas of Lehigh County.

## I. Facts and Procedural History

As recounted by Webster in his Complaint, the Department of Corrections (Department) instituted new mail handling policies in August 2018, ostensibly to help control the influx of illicit substances into the Pennsylvania state prison system. Complaint, ¶7. Under these policies, regular, non-legal mail addressed to inmates was diverted to Smart Communications in Tampa, Florida. *Id.* Smart Communications would open these items, scan and copy them, and then send the copies (rather than the originals) to the intended recipients. *Id.* By contrast,

> the [Department] would confiscate all incoming legal mail, open it in front of the inmate, copy the original, and provide the inmate with a copy. The [Department] would then confidentially store the legal mail for 45 days. At the expiration of this 45-day period, the original would be destroyed "confidentially," outside of the inmate's presence, by a third-party vendor outside of the [correctional] institution's premises.

*Id.*, ¶8.

The Department's legal mail policy was subsequently challenged in federal court, leading to a consent decree barring the Department from photocopying legal mail and permitting inmates to both directly receive and maintain possession of such mail. *Id.*, ¶9. As of April 5, 2019, Department policy now requires "attorneys, courts, and federal, state, and local elected officials" to obtain what is known as an "Attorney Control Number" from the Department, which is used by the Department to assist in properly identifying and processing legal mail. *Id.*; *see id.*, Ex. 3, App. C (document detailing "Changes to Department [P]olicy DC-ADM 803, 'Inmate Mail and Incoming Publications'").

On December 12, 2019, Webster filed his Complaint in our Court. Webster alleges that, on a number of occasions between September 25, 2018, and November 20, 2019, Gallagher, Murphy, and Rocchino each improperly sent certain items of Webster's legal mail to Smart Communications, rather than to Webster himself at SCI-Somerset. Complaint, ¶¶10-27. In addition, Webster claims that "[they] have sent, and continue to send [Webster's] legal mail to Smart Communications, despite the fact that they are fully capable of obtaining an Attorney Control Number from the [Department]." *Id.*, ¶30. Webster seeks a declaratory judgment that this behavior violated a number of his rights secured by the Pennsylvania and United States Constitutions and an injunction mandating that his legal mail be henceforth sent to him directly, as well as punitive damages, reimbursement for costs and expenses, and other, unspecified relief. *Id.*, ¶¶32-37. In response, the District Attorney, the County Judiciary, and Rocchino have each respectively filed preliminary objections to Webster's Complaint, to which Webster has replied in opposition.

## II. Discussion

Upon review of Webster's Complaint, we conclude that we do not have jurisdiction to consider this matter, because Webster has failed to assert that any of the respondents over whom we could have had such jurisdiction perpetrated actionable conduct against him.[1]

---

[1] Though the District Attorney, the County Judiciary, and Rocchino each argue in their respective preliminary objections that we do not have jurisdiction over them in this matter, they do not put forth this precise argument. *See* District Attorney's Br. in Support of Preliminary Objections at 7-9; County Judiciary's Br. in Support of Preliminary Objections at 8-10; Rocchino's Br. in Support of Preliminary Objections at 8-9.

In addition, the Attorney General has thus far failed to file anything in response to Webster's Complaint or enter an appearance in this matter. The Attorney General is under no obligation to do so at this juncture, given that Webster's Complaint does not contain a notice to defend. Pa. R.C.P. No. 1026(a) ("Except as provided by [Pennsylvania] Rule [of Civil Procedure]

**(Footnote continued on next page…)**

Section 761 of the Judicial Code provides, in relevant part, that

> [t]he Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:
>
>> (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:
>>
>> . . . .
>>
>>> (v) actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity and actions or proceedings in the nature of assumpsit relating to such actions or proceedings in the nature of trespass.

42 Pa. C.S. § 761(a)(1)(v). Furthermore, "[t]o the extent prescribed by general rule the Commonwealth Court shall have ancillary jurisdiction over any claim or other matter which is related to a claim or other matter otherwise within its exclusive original jurisdiction." *Id.*, § 761(c). By statute, "Commonwealth government" is defined as:

> The government of the Commonwealth, including the courts and other officers or agencies of the unified judicial system, the General Assembly and its officers and agencies, the Governor, and the departments, boards, commissions, authorities and officers and agencies of the

---

1042.4 or by subdivision (b) of this rule, every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading, but no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead."); *see* Pa. R.C.P. No. 1018.1(a) ("Every complaint filed by a plaintiff . . . shall begin with a notice to defend[.]"); Pa. R.A.P. 1516(b) (stating, in relevant part, that "[e]very pleading filed after an original jurisdiction petition for review shall be filed within 30 days after service of the preceding pleading, but no pleading need be filed unless the preceding pleading is endorsed with a notice to plead.").

Nevertheless, none of this impedes our authority to address the Complaint's jurisdictional defects. "[Q]uestions of jurisdiction can never be waived, and may be raised at any time by the parties or *sua sponte* by [the] court." *Pennhurst Med. Grp., P.C. v. Dep't of Pub. Welfare*, 796 A.2d 423, 425 (Pa. Cmwlth. 2002).

4

Commonwealth, but the term does not include any political subdivision, municipal or other local authority, or any officer or agency of any such political subdivision or local authority.

*Id.*, § 102. In addition, through our case law, we have established "that the term 'officers,' for jurisdictional purposes, should encompass only those persons who perform state-wide policymaking functions and who are charged with the responsibility for independent initiation of administrative policy regarding some sovereign function of state government." *Opie v. Glascow, Inc.*, 375 A.2d 396, 398 (Pa. Cmwlth. 1977).

Both the Attorney General and the County Judiciary could, as named respondents, theoretically bring this matter within our original jurisdiction. *See Stedman v. Lancaster Cty. Bd. of Comm'rs*, 221 A.3d 747, 756 (Pa. Cmwlth. 2019) (the Attorney General is a Commonwealth officer); *Judges of Court of Common Pleas of Twenty-Seventh Judicial Dist. v. Cty. of Washington*, 548 A.2d 1306, 1307 n.1 (Pa. Cmwlth. 1988) (the courts of common pleas, as part of the Unified Judicial System, are part of Commonwealth government); *Brown v. Taylor*, 494 A.2d 29, 31 (Pa. Cmwlth. 1985) (judges of the courts of common pleas are Commonwealth officers). However, Webster fails to specifically assert in his Complaint that either the Attorney General or the County Judiciary has sent his legal mail to Smart Communications or otherwise handled delivery of such mail in an unlawful manner. *See* Complaint, ¶¶7-30. While Webster does vaguely "allege[] retaliation by the court," which he argues violated his First Amendment[2] rights, he never explains what he means by "retaliation" or precisely to what, or whom, "the court" refers. *See id.* Thus, Webster's naming of these parties as respondents is jurisdictionally insufficient, as his allegations of unlawful behavior and requests for relief are not

_____

[2] U.S. CONST. amend. I.

clearly directed towards either the Attorney General or the County Judiciary. *See Miles v. Beard*, 847 A.2d 161, 164 (Pa. Cmwlth. 2004) ("Merely including in the caption of the complaint the Commonwealth government or a state-wide officer, against whom no relief is sought, will not operate to vest this Court with original jurisdiction.").[3]

Nor do the remaining respondents enable us to exert jurisdiction over this matter. First, neither a district attorney's office, nor a district attorney or their subordinates, are part of the commonwealth government or are commonwealth officers for purposes of our original jurisdiction. *Pa. Gamefowl Breeders Ass'n v. Com.*, 551 A.2d 361, 363 (Pa. Cmwlth. 1988). Second, Rocchino is not a commonwealth officer because, as a court reporter, she is a court employee and has no role in "[performing] state-wide policymaking functions . . . [or] independent[ly] initiati[ng] administrative policy regarding some sovereign function of state government." *Opie*, 375 A.2d at 398; *see Forney v. Harrisburg State Hosp.*, 336 A.2d 709, 711 (Pa. Cmwlth. 1975) ("Employees in public service . . . merely exercise subordinate ministerial functions" and are not Commonwealth officers for jurisdictional purposes.).

---

[3] Webster makes certain allegations in his response to the County Judiciary's preliminary objections, regarding President Judge Reibman's and Judge Reichley's putative conduct, which are not included in his Complaint. *See* Webster's Br. in Opposition to the Preliminary Objections and Br. Filed by Respondents Reibman and Reichley on February 26, 2020 at 5-6. We recognize that a party should be granted leave to amend a pleading, in the event there is a reasonable chance that such an amendment would cure the pleading's defects. *Unified Sportsmen of Pa. ex rel. Their Members v. Pa. Game Comm'n*, 903 A.2d 117, 127 (Pa. Cmwlth. 2006). As explained *infra*, however, the jurisdictional defects of Webster's Complaint extend beyond those posed by the inadequacy of the averments he makes therein, due to the very nature of the legal claims he puts forth and the relief he seeks. Consequently, we decline to allow Webster to file an Amended Complaint in our Court, as he would not be able to fully cure his action's jurisdictional deficiencies via amendment.

We also lack jurisdiction over this matter due to Webster's request for punitive damages, costs, and expenses. As noted above, actions in the nature of trespass are excluded from our original jurisdiction. 42 Pa. C.S. § 761(a)(1)(v). "An action in trespass . . . lie[s] 'for redress in the shape of money damages for any unlawful injury done to the plaintiff, in respect either to his person, property, or rights, by the immediate force and violence of the defendant.'" *Balshy v. Rank*, 490 A.2d 415, 420 (Pa. 1985) (quoting Black's Law Dictionary 1674 (4th Rev. Ed. 1968)). To that end, "all actions against the Commonwealth or its officers acting in their official capacity for money damages based upon tort liability fall outside the scope of the Commonwealth Court's original jurisdiction and are properly commenced in the courts of common pleas." *Stackhouse v. Com.*, 832 A.2d 1004, 1008 (Pa. 2003). However, suits against the Commonwealth government or its officials that seek purely declaratory relief or an injunction restraining government action are not in the nature of trespass and, thus, may fall within our original jurisdiction. *Fawber v. Cohen*, 532 A.2d 429, 433 (Pa. 1987).

Though Webster requests declaratory and injunctive relief due to respondents' alleged infringement of his constitutional rights, it remains that he also desires monetary damages as a remedy for the same putative violations. *See* Complaint, ¶¶32-34, 36. Webster does not even bother to separate his claims and requests for redress into separate counts, instead presenting them as a mélange under the umbrella headings "LEGAL CLAIMS" and "PRAYER FOR RELIEF[.]" *See id.*, §§ V-VI. We conclude, then, that his Complaint also sounds in trespass.

> In these circumstances, we do not believe the inclusion of a count for declaratory or injunctive relief premised upon the same events can properly be understood to transform [Webster's C]omplaint from one sounding in trespass into the type of matter contemplated by *Fawber*, or by the

Legislature, as belonging within [our] original jurisdiction.

*Stackhouse*, 832 A.2d at 1008.

[A]lthough one might argue that what [Webster] really wants is a mandatory injunction rather than money damages, he is the one who included a request for money damages in his [C]omplaint. It is not our function to ignore a portion of his request for relief so that original jurisdiction can be vested in this Court, a court of limited original jurisdiction, rather than in the common pleas court, a court of broad original jurisdiction.

*Miles*, 847 A.2d at 165. As such, we have no authority to consider Webster's Complaint as an original jurisdiction matter or pursuant to our powers of ancillary jurisdiction.

### III. Conclusion

In line with the foregoing analysis, we conclude we lack original or ancillary jurisdiction to hear Webster's Complaint. Rather than dismissing his Complaint outright, however, we will transfer it to the Court of Common Pleas of Lehigh County for disposition of respondents' preliminary objections. *Stedman*, 221 A.3d at 760-61; 42 Pa. C.S. § 5103(a); Pa. R.A.P. 751.[4]

_____
ELLEN CEISLER, Judge

---

[4] Webster has filed a number of motions in this matter that are currently pending disposition. As such, we direct the Court of Common Pleas of Lehigh County to adjudicate these motions subsequent to ruling upon Respondents' preliminary objections. Of course, this directive may become partially or wholly moot, depending on the outcome of these preliminary objections.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| William E. Webster III, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 687 M.D. 2019 |
| | : | |
| Lehigh County Court of Common | : | |
| Pleas, et al., | : | |
| Respondents | : | |

# **O R D E R**

AND NOW, this 8th day of October, 2020, it is hereby ORDERED that Petitioner William E. Webster III's "Verified Complaint and Attached Exhibits" is TRANSFERRED to the Court of Common Pleas of Lehigh County (Common Pleas) due to lack of jurisdiction.

The Commonwealth Court's Prothonotary shall transmit the record of the above-captioned proceedings to Common Pleas' Prothonotary, together with a copy of this opinion and order, as well as a certified copy of this matter's docket entries. Subsequent to transfer, the assigned Common Pleas judge shall rule upon the respective preliminary objections filed by Respondents Lehigh County Court of Common Pleas, Honorable President Judge Edward Reibman, and Honorable Judge Douglas G. Reichley; Lehigh County District Attorney's Office, District Attorney James B. Martin, Chief Deputy District Attorney Heather Gallagher, and Senior Deputy District Attorney Christine F. Murphy; and Official Court Reporter Elizabeth Rocchino, RPR and, if necessary thereafter, any pending motions.

_____
ELLEN CEISLER, Judge