832 A.2d 1004

Diane STACKHOUSE, Appellant

v.

COMMONWEALTH of Pennsylvania, Pennsylvania State Police
Paul J. Evanko and Thomas K. Coury, Appellees.

Supreme Court of Pennsylvania.

Re–Submitted April 29, 2003.

Decided Sept. 25, 2003.

Gary M. Lightman, Harrisburg, for Diane Stackhouse, Appellant

Joanna Reynolds, Harrisburg, for PA State Police, Paul J. Evanko and Thomas K. Coury, Appellees.

BEFORE: CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and LAMB, JJ.

## OPINION

Justice SAYLOR.

This is a direct appeal from an order of the Commonwealth Court dismissing Appellant Diane Stackhouse's complaint due to an asserted lack of original jurisdiction. The sole issue presented for decision is whether the Commonwealth Court or the court of common pleas has jurisdiction to hear Appellant's claims.

On January 15, 2001, Appellant filed a three-count complaint in the Dauphin County Court of Common Pleas, naming as defendants her employer the Pennsylvania State Police, State Police Commissioner Colonel Paul J. Evanko, and Deputy Commissioner Lieutenant Colonel Thomas K. Coury (collectively, Appellees), and demanding a jury trial. Appellant's action stemmed from an internal investigation undertaken by the State Police in connection with Appellant's application for a job promotion. Appellant maintained in her complaint that certain State Police employees involved in conducting the investigation were permitted to delve improperly into her personal affairs, including her private, inter-personal relationships. While Appellant did not contend that Commissioner Evanko or Deputy Commissioner Coury personally inquired into such private matters or instructed others to do so, she asserted that those officials failed to ensure that the individuals conducting the investigation were properly trained to inquire only into areas which were appropriate and relevant to the subject of the investigation. She also alleged that, even after she made Commissioner Evanko aware of the nature of the ongoing investigative activities, he failed to take any corrective action.

In Count I of the complaint, Appellant sought relief against the State Police, as well as Commissioners Evanko and Coury in their official capacities, in the form of a declaration that her privacy and reputational interests were harmed during the internal investigation. She also sought an injunction restraining these same parties from using the private information obtained about her for any purpose, or from subjecting her to a similar investigative process in the future. In Counts II and III of the complaint, Appellant sought an award of monetary damages and attorneys' fees from Commissioner Evanko for alleged constitutional deprivations undertaken outside the scope of his authority as Commissioner of State Police, which resulted in emotional distress and injury to Appellant's reputation.

Appellees filed preliminary objections and, in their accompanying brief, argued that, as the action was against the Com-

monwealth and two of its officers, exclusive original jurisdiction lay in the Commonwealth Court pursuant to Section 761 of the Judicial Code, 42 Pa.C.S. § 761. Appellant filed a timely response in which she stated, *inter alia,* that because Counts II and III were brought against Commissioner Evanko in his individual capacity, jurisdiction properly lay in the court of common pleas as to those counts. Thereafter, the common pleas court determined that exclusive jurisdiction lay with the Commonwealth Court and, on August 17, 2001, entered an order granting Appellees' objection to jurisdiction and transferring the action to the Commonwealth Court.

█ The Commonwealth Court, however, took a different view and, in a *per curiam* memorandum and order dated August 27, 2001, dismissed the case based upon lack of original jurisdiction. Citing to *Hill v. Pennsylvania Dep't of Envtl. Prot.,* 545 Pa. 38, 679 A.2d 773 (1996), *Fawber v. Cohen,* 516 Pa. 352, 532 A.2d 429 (1987), and *Balshy v. Rank,* 507 Pa. 384, 490 A.2d 415 (1985), the court initially observed that the complaint was in essence a tort action in the nature of trespass for money damages as redress for an unlawful injury, and that such actions are properly commenced in the courts of common pleas. The court continued:

> We further note that nothing in *Hill; Fawber* or *Balshy* indicates that, because, as here, a petitioner also seeks declaratory relief along with a claim for money damages that the action would still not remain in common pleas court. Additionally, we decline to re-transfer this case to the Court of Common Pleas of Dauphin County since our state supreme court has indicated its disapproval of such a practice. *Hill; Balshy.*

Appellant filed a timely notice of appeal to this Court, and we noted probable jurisdiction.[1]

1. Because the case was transferred to the Commonwealth Court in its original jurisdiction, for appellate jurisdictional purposes it is the equivalent of an action originally commenced in that court. Therefore, this Court has exclusive appellate jurisdiction to review the Commonwealth Court's order. *See* 42 Pa.C.S. § 723(a).

The Commonwealth Court has original jurisdiction in only a narrow class of cases. That class is defined by Section 761 of the Judicial Code, 42 Pa.C.S. § 761, which provides that, as a general rule, the court has original jurisdiction in cases asserted against "the Commonwealth government, including any officer thereof, acting in his official capacity." 42 Pa.C.S. § 761(a)(1). This general rule is subject to certain enumerated exceptions, the critical one for present purposes being that the Commonwealth Court does not generally have original jurisdiction over

> actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity and actions or proceedings in the nature of assumpsit relating to such actions or proceedings in the nature of trespass.

42 Pa.C.S. § 761(a)(1)(v). Nevertheless, "[t]o the extent prescribed by general rule," the Commonwealth Court retains ancillary jurisdiction "over any claim or other matter which is related to a claim or other matter otherwise within its exclusive original jurisdiction." 42 Pa.C.S. § 761(c). Furthermore, where the Commonwealth Court retains original jurisdiction pursuant to Section 761(a), such jurisdiction is exclusive. *See* 42 Pa.C.S. § 761(b).[2]

■ The parties do not dispute that Counts II and III of the complaint, which seek money damages based upon an alleged invasion of reputational and privacy interests, are tort claims in the nature of trespass within the meaning of Section 761(a)(1)(v). *See generally Balshy*, 507 Pa. at 394–95, 490 A.2d at 420 (concluding that a complaint against the State Police and several state troopers, alleging civil rights violations and the commission of several torts—including defamation and intentional infliction of emotional distress—was an action in the nature of trespass for purposes of Section 761(a)(1)(v)).[3] Nor do they deny that the Commonwealth

---

**2.** Such exclusivity of jurisdiction is subject to two exceptions not here relevant. *See id.*

**3.** As noted above, Appellant asserts Counts II and III against Commissioner Evanko in his individual, rather than official, capacity. She does

formerly enjoyed immunity as to such claims. *See id.* at 392, 490 A.2d at 418; *Philadelphia Life Ins. Co. v. Commonwealth,* 410 Pa. 571, 576, 190 A.2d 111, 114 (1963) (distinguishing lawsuits seeking to compel action on the part of state officials or to obtain money damages or recover property from the Commonwealth, which are "within the rule of immunity," from actions seeking to restrain Commonwealth officials from enforcing an allegedly unconstitutional statute, which are not). Rather, Appellant contends that, while Count I could be considered within the Commonwealth Court's jurisdiction, for the sake of judicial economy and to avoid the prospect of conflicting rulings the matter should be remanded in its entirety to the county court. Appellees counter that, as Count I seeks declaratory and injunctive relief against a Commonwealth party, that portion of the complaint belongs within the Commonwealth Court pursuant to subsection 761(a), and that the same court has ancillary jurisdiction via subsection 761(c) to hear the claims sounding in trespass, as the latter claims stem from the same underlying facts as the former.

In *Balshy,* this Court held that all actions against the Commonwealth or its officers acting in their official capacity for money damages based upon tort liability fall outside the scope of the Commonwealth Court's original jurisdiction and are properly commenced in the courts of common pleas. *See Balshy,* 507 Pa. at 396, 490 A.2d at 420–21; *Fawber,* 516 Pa. at 358, 532 A.2d at 432–33. Subsequently, the *Fawber* Court determined that the original jurisdiction of the common pleas courts over actions against state officials for civil rights violations does not encompass actions seeking equitable or declaratory relief, as such actions are not in the nature of a trespass. *See Fawber,* 516 Pa. at 354–55, 532 A.2d at 430–31.

However, the context of the *Fawber* decision should not be lost. The plaintiffs in that case sought a declaration that a

so on the theory that the complained of acts or omissions were not authorized by law. Because these Counts are excluded by Section 761(a)(1)(v) from the scope of original jurisdiction conferred upon the Commonwealth Court under Section 761(a), we need not decide whether they are in fact asserted against Commissioner Evanko in his official capacity for jurisdictional purposes notwithstanding Appellant's contention to the contrary.

particular administrative regulation was unconstitutional, as well as an order precluding its enforcement. The present matter is distinguishable. Here, Appellant does not seek to preclude enforcement of an allegedly invalid administrative regulation, or a judicial declaration concerning its validity. Rather, her request for judicial redress stems from a series of events specific to a single departmental inquiry, and is explicitly predicated upon the lack of any regulatory or other legal foundation for such actions. Thus, while couched in constitutional terms, Appellant's cause of action as stated in Count I rests upon the same allegations of defamation and invasion of privacy as asserted in Counts II and III. The sum and substance of Appellant's complaint, then, is that her privacy and reputational interests were invaded when state police officials unlawfully delved into her intimate inter-personal relationships during an internal affairs investigation, and that she is entitled to compensation accordingly. In these circumstances, we do not believe the inclusion of a count for declaratory or injunctive relief premised upon the same events can properly be understood to transform the complaint from one sounding in trespass into the type of matter contemplated by *Fawber*, or by the Legislature, as belonging within the Commonwealth Court's original jurisdiction.[4]

More generally, permitting jurisdictional questions to turn solely upon the styling of claims within a complaint would arguably permit forum shopping through pleading, *cf. Mutual Benefit Ins. Co. v. Haver*, 555 Pa. 534, 539, 725 A.2d 743, 745 (1999) ("[T]o allow the manner in which the complainant frames the request for redress to control in a case . . . would

4. After reviewing the history of legislative amendments to Section 761, this Court indicated in *Balshy:*

> Thus, we see that each time it became apparent to the General Assembly that actions for tort liability could be maintained against the Commonwealth or its officers in Commonwealth Court the General Assembly amended § 761 to provide that those actions be brought in Common Pleas Court and not in Commonwealth Court. This leads us inescapably to the conclusion that there exists a legislative intent that all actions against the Commonwealth or its officers acting in their official capacity, asserting tort liability, are outside the original jurisdiction of Commonwealth Court.

> *Balshy*, 507 Pa. at 394, 490 A.2d at 420.

encourage litigation through the use of artful pleadings designed to avoid exclusions in liability insurance policies."), and indeed, courts in this Commonwealth and elsewhere have traditionally looked to the substance rather than the form of the complaint to determine matters of jurisdiction. *See, e.g., Konhaus v. Lutton*, 21 Pa.Cmwlth. 181, 184, 344 A.2d 763, 765 (1975) (explaining that the substance rather than the form of an action must be examined to determine if, in reality, it is one against an officer of the Commonwealth acting in his official capacity and within the jurisdiction of the Commonwealth Court); *Fennell v. Guffey*, 155 Pa. 38, 40, 25 A. 785, 785 (1893) (*per curiam*) (holding that the Allegheny county court had subject matter jurisdiction because, while the complaint was "in form assumpsit," it was in substance an action of covenant upon a lease); *Johnston v. Stein*, 29 Mass.App.Ct. 996, 562 N.E.2d 1365, 1366 (1990) (indicating that the question of tribunal jurisdiction is resolved by analyzing the "core" of complaint). Therefore, we hold that, inasmuch as the core of Appellant's complaint is an action in trespass, original jurisdiction lies in the court of common pleas notwithstanding the injunctive/declaratory label attached to Count I.[5]

Accordingly, the matter is remanded to the Court of Common Pleas of Dauphin County for further proceedings consistent with this opinion.

Jurisdiction is relinquished.

Justice NEWMAN files a concurring opinion.

Justice EAKIN files a dissenting opinion in which Chief Justice CAPPY and Justice NIGRO join.

---

5. The concurrence expresses the view that the "general rule" referenced in subsection 761(c) refers to subsection 761(a). This position, however, would render the last sentence of subsection 761(c) superfluous, as that provision would then purport to confer upon the Commonwealth Court ancillary jurisdiction over claims as to which it already possessed original jurisdiction. Although subsection (a) is entitled, "General Rule," this is common in jurisdictional statutes which also separately employ the phrase, "prescribed by general rule" in relation to non-statutory rules of court. *See, e.g.,* 42 Pa.C.S. §§ 931(b), (c), 1105(a), (b), 1123(c), 1143(b), 1515(b). *See generally* 42 Pa.C.S. §§ 1702(a) (relating to the courts' "power to adopt general rules").

Justice NEWMAN concurring.

I join the majority opinion but write separately to reflect my view that this Court need not recharacterize the nature of Appellant's complaint in Count I, seeking declaratory and injunctive relief, as a compensatory claim to determine that the claim does not fall within the original jurisdiction of the Commonwealth Court.

In the instant matter, the Commonwealth argues that, according to statute, the Commonwealth Court has ancillary jurisdiction over any claim or other matter that is related to a claim or other matter otherwise within its exclusive original jurisdiction. 42 Pa.C.S. § 761(c). Superficially, this is an appealing argument, but it is flawed.

Section 761 of the Judicial Code, subsection (c), provides in relevant part as follows:

> **To the extent prescribed by general rule** the Commonwealth Court shall have ancillary jurisdiction over any claim or other matter which is related to a claim or other matter otherwise within its exclusive jurisdiction.

42 Pa.C.S. § 761(c).

Black's Law Dictionary defines "ancillary jurisdiction" as the "[p]ower of [a] court to adjudicate and determine matters incidental to the exercise of its primary jurisdiction of an action." BLACK'S LAW DICTIONARY 86 (6th ed. 1990). However, the statute does not provide the Commonwealth Court with unfettered jurisdiction over all "matters incidental to the exercise of its primary jurisdiction. . . ." *Id.* Rather, subsection (c) refers back to the **general rule** granting the Commonwealth Court original jurisdiction. That general rule, codified at subsection (a) of Section 761, provides:

> (a) **General Rule.**—The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:

> (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, **except:**

*     *     *     *     *     *

(v) actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity and actions or proceedings in the nature of assumpsit relating to such actions or proceedings in the nature of trespass.

42 Pa.C.S. § 761(a) (internal footnotes omitted) (emphasis added).

The plain language of Section 761, when read in its entirety, provides that ancillary jurisdiction is in the Commonwealth Court only where the following two prerequisites are satisfied: (1) the ancillary claim is related to a claim within the original jurisdiction of the Commonwealth Court; and (2) the ancillary claim is not otherwise removed from the original jurisdiction of the Commonwealth Court through operation of the General Rule codified in subsection (a).[1] In the case *sub judice*, there is no dispute that the claim of Appellant for money damages falls within an exception to the Commonwealth Court's original jurisdiction. As the General Assembly has expressly removed this variety of claim from the possible cognizance of the Commonwealth Court in the exercise of its original jurisdiction, ancillary jurisdiction over this matter cannot lie.

There is further support in our case law. In *School Dist. of Borough of Irwin v. School Dist. of North Huntingdon Twp.*, 374 Pa. 134, 97 A.2d 96 (1953), this Court reviewed ancillary jurisdiction within the context of the jurisdiction of a court of quarter sessions. In *Irwin*, the Borough of Irwin annexed land that included portions of the North Huntingdon Township School District. The Township challenged the annexation statute and the issue concerning whether one of the school districts owed tuition to the other for the students attending the wrong school was ancillary to the matter to be decided. The Borough issued a notice that students in this area should register in the Irwin School District for the upcoming year. The Township issued a notice that advised students to continue attending the Township School District. Sixty-seven stu-

---

1. I note that, pursuant to 1 Pa.C.S. § 1924, the title of a subsection of a statute "shall not be considered to control but may be used to aid in the construction thereof."

dents residing in the Township registered for the Borough schools.

The Westmoreland County Court of Common Pleas determined that the students should continue in the schools in which they were then enrolled and that tuition was to be paid by the school district of their residence. On appeal, this Court held that the Court of Common Pleas had no jurisdiction to consider the ancillary matter of student attendance and tuition. Even though the Borough maintained that, because the court had jurisdiction of the complaint attacking the ordinance, it also had the "power to determine all other issues incidental to the case and reasonably necessary for the administration of justice," *Irwin*, 97 A.2d at 99, this Court disagreed and stated:

> Ordinarily that is so, but it is subject to the important qualification that the 'other issues' cognizable by the court must fall within its **general jurisdiction** .... '[Courts] may do all things that are reasonably necessary for the administration of justice **within the scope of their jurisdiction.**'

*Id.* (emphasis in original) (internal citations omitted). Therefore, it is unnecessary to recharacterize Count I because matters ancillary to the primary cause of action must fall within the scope of the general jurisdiction of the court, as defined by the general rule, before the court acquires jurisdiction to hear those ancillary matters. By law, the entire matter must be adjudicated in the court of common pleas.

Justice EAKIN dissenting.

Diane Stackhouse filed a three-count complaint in the Dauphin County Court of Common Pleas. The first count sought declaratory and injunctive relief from alleged violations of appellant's privacy, reputation, and due process by internal investigations conducted by her employer, the Pennsylvania State Police, Commissioner Evanko, and Deputy Commissioner Coury, in their official capacities. The second and third counts sought monetary damages from Commissioner Evanko for constitutional deprivations undertaken outside the scope of his authority as Commissioner of the State Police.

The issue before this Court is whether the Commonwealth Court or the court of common pleas has jurisdiction to hear those claims. The Pennsylvania Constitution, Article V, § 4, states the Commonwealth Court's jurisdiction shall be established by law; Article V, § 5 grants the courts of common pleas unlimited original jurisdiction except as otherwise provided by law. Clearly under the Constitution it is for the General Assembly to confer jurisdiction. *See, e.g., Commonwealth v. Saunders*, 483 Pa. 29, 394 A.2d 522, 524 (1978).

The Commonwealth Court has been granted original jurisdiction of all civil actions against the Commonwealth. 42 Pa.C.S. § 761(a)(1).[1] Here, appellant sought injunctive relief against the Pennsylvania State Police and its commissioners in their official capacities. Pursuant to § 761(a)(1), the Commonwealth Court unambiguously had original and exclusive jurisdiction over these claims. *See also* 42 Pa.C.S. §§ 761(b),[2] 931(a) (limiting jurisdiction of courts of common pleas where exclusive jurisdiction of action or proceeding is vested in another court by statute).

The monetary claims are different, however. In *Pennsylvania Dep't of Aging v. Lindberg*, 503 Pa. 423, 469 A.2d 1012 (1983), this Court considered the interplay between the Commonwealth Court's original jurisdiction in § 761 and appellate jurisdiction of governmental agency decisions in § 763. This

1. Section 761(a)(1) states:
   (a) General Rule.—The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:
   (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity. . . .
   42 Pa.C.S. § 761(a)(1). Several exceptions to the general rule have been enacted, *see id.,* § 761(a)(1)(i)--(v), but none are applicable to this matter.

2. Section 761(b) states:
   (b) Concurrent and exclusive jurisdiction.—The jurisdiction of the Commonwealth Court under subsection (a) shall be exclusive except as provided in section 721 (relating to original jurisdiction) and except with respect to actions or proceedings by the Commonwealth government, including any officer thereof, acting in his official capacity, where the jurisdiction of the court shall be concurrent with the several courts of common pleas.
   42 Pa.C.S. § 761(b).

Court held those matters placed under the Commonwealth Court's appellate jurisdiction were excluded from its original jurisdiction. *See also* Pa. Const., art. V, § 9 (right of appeal to appellate court).

Section 762 grants the Commonwealth Court exclusive appellate jurisdiction of matters arising from courts of common pleas:

> (a) General rule.—Except as provided in subsection (b), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:
>
> (1) Commonwealth civil cases.—All civil actions or proceedings:
>
>> (i) Original jurisdiction of which is vested in another tribunal by virtue of any of the exceptions to section 761(a)(1) (relating to original jurisdiction), except actions or proceedings in the nature of applications for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court.

42 Pa.C.S. § 762(a)(1)(i). Applying the preclusive effect of appellate jurisdiction described in *Lindberg*, the Commonwealth Court does not have jurisdiction to hear monetary claims; rather, that court is responsible for the appellate review of such an action. Therefore, those claims are properly in the court of common pleas.

Faced with this conundrum of jurisdiction, the majority recasts appellant's claim for equitable relief in Count I as one for monetary damages so the entire matter can be shunted to the court of common pleas. The rationale for this juristic reformation of the complaint is to deny litigants the ability to forum shop through artful pleadings, but this forces a square peg into a round hole.

The jurisdiction of the courts is determined by the General Assembly. As such, the causes of action for monetary damages and equitable relief should be resolved by the courts that have been given the authority to entertain such claims. An action that includes claims under the Commonwealth Court's

original jurisdiction must be filed with the Commonwealth Court; the claims for which the Commonwealth Court has appellate jurisdiction pursuant to § 762(a)(1)(i) may exist in that court as pendent claims for the courts of common pleas to resolve.

The Commonwealth Court has primary jurisdiction in such actions because when a party seeks to invoke the equitable power of the Commonwealth Court, the threshold question is whether equity jurisdiction is appropriate; equity will not intervene where there is an adequate remedy at law. *Department of Public Welfare v. Eisenberg*, 499 Pa. 530, 454 A.2d 513, 514–15 (1982). If an adequate remedy at law exists, the Commonwealth Court may dismiss the equity claim. If no adequate remedy at law exists, the Commonwealth Court should proceed to the merits of the equity claims using procedures already in place. *See* Pa.R.A.P. 3731–35. After the court has exhausted matters under its jurisdiction, the remaining claims can then be transferred to the court of common pleas.[3] *See* 42 Pa.C.S. § 503 (reassignment of matters). Resolving each action in the appropriate court would eliminate the concern of forum shopping. Further, if application of the jurisdictional statutes proves onerous to litigants or the courts, it is a matter for the General Assembly.

Accordingly, I respectfully dissent.

Chief Justice CAPPY and Justice NIGRO join this dissenting opinion.

---

[3]. Appellant sought injunctive relief regarding her right of privacy and reputation under Article I, § 1 of the Constitution; her claims for monetary damages are based on an alleged violation of these rights. If the Commonwealth Court concludes appellant's rights were not implicated, this determination could be dispositive of her other claims.