# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Mayo,                                              :
                          Petitioner                      :
                                                          :
              v.                                          : No. 479 M.D. 2018
                                                          : SUBMITTED: October 16, 2020
Secretary of the Pennsylvania                             :
Department of Corrections,                                :
                          Respondent                      :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                    FILED: December 9, 2020

Petitioner William Mayo (Mayo), an inmate currently incarcerated at the State Correctional Institution at Smithfield (SCI-Smithfield), has filed a Petition for Review in our original jurisdiction against the Secretary of the Pennsylvania Department of Corrections (Secretary). Therein, Mayo challenges the manner in which certain items of his incoming personal mail, specifically several legal books and a birthday card, were handled by prison authorities during his time at the State Correctional Institution at Fayette (SCI-Fayette). *See* Pet. for Review, ¶¶5-14. Mayo also argues that prison authorities charged him more than the proper amount to pay for shipping his personal effects when he was transferred from SCI-Fayette to SCI-Smithfield. *See id.*, ¶¶15-18, Ex. G. As relief, Mayo seeks a declaratory judgment that prison authorities improperly interfered with his ability to educate himself about the legal system by confiscating one of the legal books and, in addition, incorrectly withheld the invoices or receipts for all of these books so that he would not have

records establishing he had received them. *Id.* at 6-7.[1] Mayo also requests that his personal property be returned to him, monetary damages as compensation for these alleged transgressions, and costs and fees. *Id.* Upon review, we *sua sponte* conclude we lack jurisdiction to consider the Petition for Review and consequently transfer this matter to the Court of Common Pleas of Huntingdon County (Common Pleas) for disposition.[2]

## I. Facts and Procedural History

The facts, as alleged by Mayo in his Petition for Review and established through the exhibits attached thereto, are as follows.

On September 27, 2017, three legal books that had been mailed to Mayo by one of his relatives were delivered to SCI-Fayette. Pet. for Review, ¶5, Ex. C. One of these books, a quick study guide, was deemed by prison authorities to be a security concern because it was laminated and was confiscated as a result. *Id.*, ¶6, Ex. C. As for the other books, the prison authorities removed them from their original packaging, placed them in an envelope, and then gave them to Mayo. *Id.*, ¶6, Ex. C. Mayo challenged this confiscation and packaging removal by first filing a DC-135A request slip, which he claims was "disregarded" by prison officials, followed by an internal inmate grievance and two subsequent administrative appeals, all of which were denied. *See id.*, ¶¶7-9, Ex. C.

---

[1] Mayo did not number all of the paragraphs in his Petition for Review. As such, we elect to use page numbers to identify specific parts of his Petition for Review where paragraph numbers are absent.

[2] We take judicial notice of the fact that SCI-Smithfield is located in Huntingdon County. *See* DEP'T OF CORR., SCI Smithfield, https://www.cor.pa.gov/Facilities/StatePrisons/Pages/Smithfield.aspx (last accessed December 8, 2020); Pa. R.E. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

On September 29, 2017, a greeting card sent to Mayo by a relative was delivered to SCI-Fayette. *Id.*, ¶10, Ex. E. This card had an item or items affixed to it with some form of adhesive, which was not permitted under the Department of Corrections' inmate mail policy, and was consequently confiscated by prison authorities. *Id.*, ¶10, Ex. E. Mayo sought to have this card sent back to his relative and provided SCI-Fayette's mailroom with a preaddressed stamped envelope, so that the card could be returned to the sender. *Id.*, ¶11, Ex. E. Mayo did not receive confirmation that the mailroom had complied with his request, so he filed a second grievance, in which he requested such confirmation and additionally disputed the decision to deem the card a security risk. *Id.*, ¶12, Ex. E. Mayo's second grievance was denied, as were his subsequent internal appeals of that denial. *Id.*, ¶12, Ex. E.

On October 16, 2017, another legal book sent to Mayo by a relative was delivered to SCI-Fayette. *Id.*, ¶13, Ex. F. The prison authorities removed this book from its original packaging, placed it in an envelope, and then gave it to Mayo. *Id.*, ¶13, Ex. F. Mayo then filed a third grievance, in which he challenged the propriety of repackaging this book and claimed that he had not been given the receipt or invoice that had allegedly been sent along with the book. *Id.*, ¶13, Ex. F. This third grievance was denied, as were Mayo's subsequent internal appeals of that denial. *Id.*, ¶14, Ex. F.

On January 7, 2018, Mayo had his personal property packed by prison authorities at SCI-Fayette, in order to prepare these items for shipment to SCI-Smithfield, the prison to which Mayo was being transferred at that point in time. *Id.*, ¶15, Ex. G. Mayo had more personal property than could fit inside the three boxes authorized to be shipped free-of-charge under the Department of Corrections' personal property policy. *Id.*, ¶ 16, Exs. G-H. Accordingly, Mayo signed a postage

slip approving a payment from his inmate account to ship the excess amount to SCI-Smithfield. *Id.*, ¶16, Ex. G. Upon arrival at SCI-Smithfield, however, Mayo discovered that he had been charged for shipping five boxes, rather than the one box he claimed to have authorized, which had resulted in more money being debited from his inmate account than he had anticipated. *Id.*, ¶16, Ex. G. Mayo challenged this putative overcharge by filing a fourth grievance, which was denied, as were Mayo's subsequent internal appeals of that denial. *Id.*, ¶17, Ex. G.

On July 11, 2018, Mayo filed his Petition for Review against the Secretary with our Court. Therein, he recounts his experiences pertaining to each of the four grievances and requests the aforementioned declaratory relief. *Id.*, ¶¶5-20, 6-7. In addition, he asks for the return of his confiscated personal property "and/or reasonable compensation [for the loss of this property,]" $92.55 in monetary damages to reimburse him for the putative shipping overcharge, as well as costs and fees. *Id.*, ¶¶21-22, 6-7. The Secretary responded on October 4, 2018, by filing an Answer and New Matter, to which Mayo replied on December 5, 2018.

The docket lay effectively dormant for more than 18 months, before Mayo filed a Motion for Judgment on the Pleadings on June 22, 2020. The Secretary responded in opposition to this Motion on July 6, 2020, and followed by filing his Cross-Motion for Summary Relief on July 27, 2020. On July 28, 2020, our Court ordered that both Mayo's Motion for Judgment on the Pleadings and the Secretary's Cross-Motion for Summary Judgment would be considered together. Commonwealth Ct. Or., 7/28/20, at 1.

## II. Discussion

Upon review of Mayo's Petition for Review, we *sua sponte* conclude that we do not have jurisdiction to consider this matter, due to his request for punitive

4

damages, costs, and fees.[3] Section 761(a) of the Judicial Code provides, in relevant part, that

> [t]he Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:
>
>> (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:
>>
>> . . . .
>>
>>> (v) actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity and actions or proceedings in the nature of assumpsit relating to such actions or proceedings in the nature of trespass.

42 Pa. C.S. § 761(a)(1)(v). Furthermore, "[t]o the extent prescribed by general rule the Commonwealth Court shall have ancillary jurisdiction over any claim or other matter which is related to a claim or other matter otherwise within its exclusive original jurisdiction." *Id.*, § 761(c). Thus, to be clear, actions in the nature of trespass are expressly excluded from our original jurisdiction. *Id.*, § 761(a)(1)(v). "An action in trespass . . . lie[s] 'for redress in the shape of money damages for any unlawful injury done to the plaintiff, in respect either to his person, property, or rights, by the immediate force and violence of the defendant.'" *Balshy v. Rank*, 490 A.2d 415, 420 (Pa. 1985) (quoting Black's Law Dictionary 1674 (4th rev. ed. 1968)). To that end, "all actions against the Commonwealth or its officers acting in their official capacity for money damages based upon tort liability fall outside the scope of the

---

[3] We note that the Secretary has at no point challenged our jurisdiction over this matter. Nevertheless, this does not impede our authority to address the Petition for Review's jurisdictional defects. "[Q]uestions of jurisdiction can never be waived, and may be raised at any time by the parties or *sua sponte* by [the] court." *Pennhurst Med. Grp., P.C. v. Dep't of Pub. Welfare*, 796 A.2d 423, 425 (Pa. Cmwlth. 2002).

Commonwealth Court's original jurisdiction and are properly commenced in the courts of common pleas." *Stackhouse v. Com.*, 832 A.2d 1004, 1008 (Pa. 2003). However, suits against the Commonwealth government or its officials that seek purely declaratory relief or an injunction restraining government action are not in the nature of trespass and, thus, may fit within the scope of our original jurisdiction. *Fawber v. Cohen*, 532 A.2d 429, 433 (Pa. 1987).

Though Mayo requests declaratory relief targeted at the Secretary, due to what he believes are unlawful acts perpetrated against him while incarcerated at SCI-Fayette and SCI-Smithfield, it remains that he also desires monetary damages as a remedy for the same putative violations. *See* Pet. for Review, ¶¶21-22; *id.* at 6-7. We conclude, then, that his Petition for Review also sounds in trespass.

> In these circumstances, we do not believe the inclusion of a count for declaratory . . . relief premised upon the same events can properly be understood to transform [Mayo's Petition for Review] from one sounding in trespass into the type of matter contemplated by *Fawber*, or by the Legislature, as belonging within [our] original jurisdiction.

*Stackhouse*, 832 A.2d at 1008.

> [A]lthough one might argue that what [Mayo] really wants is [declaratory relief] rather than money damages, he is the one who included a request for money damages in his [Petition for Review]. It is not our function to ignore a portion of his request for relief so that original jurisdiction can be vested in this Court, a court of limited original jurisdiction, rather than in the common pleas court, a court of broad original jurisdiction.

*Miles v. Beard*, 847 A.2d 161, 165 (Pa. Cmwlth. 2004). As such, we have no authority to consider Mayo's Petition for Review as an original jurisdiction matter or pursuant to our powers of ancillary jurisdiction.

6

### III. Conclusion

In line with the foregoing analysis, we conclude we lack original or ancillary jurisdiction to hear Mayo's Petition for Review. Rather than dismiss his Petition for Review outright, however, we will transfer it to Common Pleas, which shall treat the Petition for Review as a complaint filed in its original jurisdiction. *Stedman v. Lancaster Cnty. Bd. of Commissioners*, 221 A.3d 747, 760-61 (Pa. Cmwlth. 2019); 42 Pa. C.S. § 5103(a); Pa. R.A.P. 751; *see* PA. CONST. art. 5, § 5(b) (our courts of common pleas "hav[e] unlimited original jurisdiction in all cases except as may otherwise be provided by law"). Subsequent to transfer, Common Pleas shall rule upon Mayo's Motion for Judgment on the Pleadings, as well as the Secretary's Cross-Motion for Summary Relief, which Common Pleas shall treat as a Motion for Summary Judgment.[4]

_____

ELLEN CEISLER, Judge

---

[4] "An application for summary relief is properly evaluated according to the standards for summary judgment." *McGarry v. Pa. Bd. of Prob. & Parole*, 819 A.2d 1211, 1214 (Pa. Cmwlth. 2003).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| William Mayo, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 479 M.D. 2018 |
| | : | |
| Secretary of the Pennsylvania | : | |
| Department of Corrections, | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 9th day of December, 2020, it is hereby ORDERED that Petitioner William Mayo's (Mayo) Petition for Review is TRANSFERRED to the Court of Common Pleas of Huntingdon County (Common Pleas), due to lack of jurisdiction.

The Commonwealth Court's Prothonotary shall transmit the record of the above-captioned proceedings to Common Pleas' Prothonotary, together with a copy of this opinion and order, as well as a certified copy of this matter's docket entries. Subsequent to transfer, the assigned Common Pleas judge shall rule upon Mayo's Motion for Judgment on the Pleadings, as well as the Secretary's Cross-Motion for Summary Relief, which Common Pleas shall treat as a Motion for Summary Judgment.

_____
ELLEN CEISLER, Judge