IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antonio Rosario, : 
              Petitioner : 
           : 
              v. :   No. 474 M.D. 2020
           :   Submitted: July 22, 2022
The PA Dep't of Corrections, : 
              Respondent : 

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                      FILED: November 29, 2022

      Antonio Rosario (Petitioner), currently incarcerated at the State Correctional Institution at Houtzdale (SCI-Houtzdale), has filed *pro se* a petition for review in this Court's original jurisdiction against the Pennsylvania Department of Corrections (Department). Essentially, Petitioner alleges that SCI-Houtzdale failed to deliver certain personal property ordered for him by his family. Following the close of relevant pleadings, the Department filed a motion for judgment on the pleadings. Upon review, we *sua sponte* hold that we lack jurisdiction to consider the petition for review and consequently transfer this matter to the Court of Common Pleas of Clearfield County for disposition.[1]

---

[1] We take judicial notice of the fact that SCI-Houtzdale is located in Clearfield County. *See* Pa. Dep't of Corrs., SCI-Houtzdale, https://www.cor.pa.gov/Facilities/StatePrisons/Pages/Houtzdale.aspx (last accessed Nov. 28, 2022); Pa.R.E. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

## BACKGROUND[2]

Petitioner is incarcerated at SCI-Houtzdale. Since November 2019, Petitioner's family has ordered books on his behalf. Petitioner has not received all the books ordered, and some books arrived with posters missing. Thereafter, beginning in January 2020, Petitioner filed grievances with the Department, which were denied, and Petitioner's subsequent administrative appeals were unsuccessful.

In September 2020, Petitioner filed a petition for review with this Court. Asserting his constitutionally protected freedom of speech and alleging an intentional deprivation of his property, Petitioner requested compensatory and punitive money damages as well as some form of declaratory or injunctive relief. Pet. for Rev., ¶¶ 10-12.[3] The Department filed an answer with new matter, in which the Department described its security and delivery policies and procedures and pleaded several affirmative defenses. *See* Dep't's Answer & New Matter, 10/21/20. In November 2020, Petitioner filed an answer to the Department's new matter. Thereafter, in September 2021, the Department filed its motion for judgment on the pleadings.

## ISSUE

The Department asserts that Petitioner's response to its new matter was incomplete, that Petitioner has admitted to numerous well-pleaded facts therein, and

---

[2] We derive the following facts, which we accept as true for purposes of this disposition, from Petitioner's petition and its attached exhibits. *See* Pet. for Rev., 9/1/20.

[3] Specifically, in addition to money damages, Petitioner seeks an investigation and review of DOC's "current policy/procedures for obtaining books, publications, etc." and its "[g]rievance [policy]/procedures[.]" Pet. for Rev., ¶¶ 11, 12.

2

that, accordingly, the Department is entitled to judgment in its favor. Dep't's Mot. for J. on the Pleadings, 9/21/21, ¶¶ 6, 7(a)-(f).[4, 5]

## DISCUSSION

Preliminarily, we address our jurisdiction to consider Petitioner's claims.[6] Generally, the Commonwealth Court has original jurisdiction in cases asserted against "the Commonwealth government, including any officer thereof, acting in his official capacity." 42 Pa.C.S. § 761(a)(1). However, there are exceptions to this general rule. For example, it is well settled that "all actions against the Commonwealth or its officers acting in their official capacity for money damages based upon tort liability fall outside the scope of the Commonwealth Court's original jurisdiction and are properly commenced in the courts of common pleas." *Stackhouse v. Pa. State Police,* 832 A.2d 1004, 1008 (Pa. 2003) (citation omitted); *see* 42 Pa.C.S. § 761(a)(1)(v) (excluding "actions or proceedings in the nature of trespass" from our original jurisdiction).[7] This exception also encompasses "statutory claims such as 42 U.S.C. §§ 1983 and 1985" because "the plaintiff seeks the same redress in the form of money for an unlawful injury." *Hill v. Dep't of Env't Prot.*, 679 A.2d 773, 774 (Pa. 1996) (citation omitted).

---

[4] The Department further avers that non-privileged incoming mail is entitled to less protection and that Petitioner is unable to prove that the Department acted negligently in handling Petitioner's mail. Dep't's Mot. for J. on the Pleadings, ¶ 7(g)-(h).

[5] Petitioner has not filed a response to the Department's motion or a brief in opposition thereto.

[6] The Department has not challenged our jurisdiction. Nevertheless, we may address our jurisdiction *sua sponte*. *Pennhurst Med. Grp., P.C. v. Dep't of Pub. Welfare*, 796 A.2d 423, 425 n.2 (Pa. Cmwlth. 2002).

[7] An action in trespass seeks "redress in the shape of money damages for any unlawful injury done to the plaintiff, in respect either to his person, property, or rights, by the immediate force and violence of the defendant." *Balshy v. Rank*, 490 A.2d 415, 420 (Pa. 1985) (cleaned up).

This Court retains ancillary jurisdiction over such claims if they are related to a claim within this Court's original jurisdiction. 42 Pa.C.S. § 761(c). Nevertheless, the mere inclusion of claims for declaratory or injunctive relief, particularly where "premised upon the same events," does not "transform a [petition] from one sounding in trespass into the type of matter . . . belonging within the Commonwealth Court's original jurisdiction." *Stackhouse*, 832 A.2d at 1008; *see also Miles v. Beard*, 847 A.2d 161, 165 (Pa. Cmwlth. 2004); *Mayo v. Dep't of Corr.* (Pa. Cmwlth., No. 479 M.D. 2018, filed Dec. 9, 2020) (unreported), slip op. at 5, 2020 WL 7238534 at *3.[8]

*Mayo*, a recent panel decision by this Court, is analogous. In that case, a state inmate challenged the policies and procedures of the Department in screening and confiscating his incoming personal mail, including educational items related to the legal system. *Mayo*, slip op. at 1, 2020 WL 7238534 at *1. The inmate sought a declaratory judgment that the Department had improperly interfered with his ability to educate himself, the return of his property, and money damages in compensation for the Department's alleged transgressions. *Id.* Citing *Stackhouse* and *Miles*, the panel *sua sponte* concluded that the Commonwealth Court lacked original or ancillary jurisdiction. *Id.* at 7, 2020 WL 7238534 at *4.

As in *Mayo*, Petitioner challenges the Department's policies and procedures related to inmate mail deliveries. As in *Mayo*, Petitioner seeks declaratory or injunctive relief as well as money damages to compensate him for his alleged loss of property and to punish the Department for its alleged transgressions.[9]

---

[8] We may cite unreported decisions of this Court for their persuasive value. *See* Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

[9] In *Mayo*, it is unclear whether the petitioner framed his claims in constitutional terms or merely tort. *See generally Mayo*. Here, the transgressions alleged by Petitioner include a violation of his freedom of speech and the intentional deprivation of his property. Pet. for Rev., ¶¶ 8, 10.

4

As in *Mayo*, we lack original or ancillary jurisdiction over Petitioner's claims. *See id.*; *see also, e.g.*, *Stackhouse*, 832 A.2d at 1008 (concluding that monetary compensation sought for alleged improper invasion of privacy and reputational interests deprived the Commonwealth Court of jurisdiction); *Miles*, 847 A.2d at 165 (concluding that the Court lacked jurisdiction because the request for injunctive relief did not transform the substance of claims seeking compensatory and punitive damages for alleged violation of 42 U.S.C. § 1983).

## CONCLUSION

For the reasons set forth above, we lack original or ancillary jurisdiction to consider this petition for review and, therefore, transfer it to the Court of Common Pleas of Clearfield County for disposition, which shall treat it as a complaint filed in its original jurisdiction. *Stedman v. Lancaster Cnty. Bd. of Comm'rs*, 221 A.3d 747, 760-61 (Pa. Cmwlth. 2019) (*en banc*). Upon that court's receipt of the record, that court shall resolve the Department's pending Motion for Judgment on the Pleadings.

LORI A. DUMAS, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Antonio Rosario, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 474 M.D. 2020 |
| | : | |
| The PA Dep't of Corrections, | : | |
| Respondent | : | |

## **O R D E R**

AND NOW, this 29th day of November, 2022, it is hereby ORDERED that Petitioner Antonio Rosario's Petition for Review is TRANSFERRED to the Court of Common Pleas of Clearfield County (Common Pleas), because this Court lacks original or ancillary jurisdiction.

The Commonwealth Court's Prothonotary shall transmit the record of the above-captioned proceedings to Common Pleas' Prothonotary, together with a copy of this opinion and order, as well as a certified copy of this matter's docket entries. Subsequent to transfer, the assigned Common Pleas judge shall rule upon the Department of Corrections' unresolved Motion for Judgment on the Pleadings.

_____
LORI A. DUMAS, Judge