# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Mario Pridgen,        :
          Petitioner     :
                       :
      v.               :   No. 311 M.D. 2023
                       :   SUBMITTED:  September 9, 2024
Mary E. Anater; Office of Clerk of   :
Courts of Lancaster County,       :
          Respondents  :

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**           **FILED:  October 10, 2024**

Before the Court in our original jurisdiction are the preliminary objections of Respondents, Mary E. Anater and the Office of Clerk of Courts of Lancaster County,[1] to the petition for review (Petition) filed *pro se* by Petitioner, James Mario Pridgen, an inmate currently incarcerated at the State Correctional Institution at Mahanoy.  Because this Court lacks subject matter jurisdiction, this matter will be transferred to the Court of Common Pleas of Lancaster County.

The Petition, while brief, is difficult to decipher.  From what we can gather, Pridgen alleges that his rights were violated by Respondents due to what he believes are incorrect filings listed on his Record Inventory List.  Pridgen further claims that his rights were violated because he received a copy of another

---

[1] Respondent Mary E. Anater served as the Clerk of Courts of Lancaster County during the time period relevant to this matter.

individual's filing, and because there was a delay in receiving a copy of an order denying his request for correction and modification of the record. The Petition, however, fails to identify what underlying case Pridgen is referencing or to attach a copy of the purportedly incorrect Record Inventory List. The Petition asserts bald legal conclusions, such as Respondents violated Pridgen's "State and Federal Constitutional rights to due process, and equal protection of the law, regarding P[ridgen]'s ability to pursue redress of grievances." Petition at 2. What *is* clear from the Petition is that Pridgen seeks $50,000 in compensatory damages and $2 million in punitive damages against Respondents, as well as a declaratory judgment. *Id.*

Respondents filed preliminary objections arguing that the Petition should be dismissed for failure "to conform to law or rule of court or inclusion of scandalous or impertinent matter[.]" Pa.R.Civ.P. 1028(a)(2). Respondents further argue that the Petition should be dismissed for insufficient specificity and failure to state a claim for relief (demurrer). Pa.R.Civ.P. 1028(a)(3) & (4). Respondents maintain that the threadbare facts alleged in the Petition fail to adequately put them on notice of the basis of Pridgen's claims so that they can prepare their defense. In addition, the facts asserted in the Petition relate to actions Respondents took in their official capacity, for which Respondents are entitled to absolute immunity.[2]

Before turning to these arguments, we note that

> [i]n ruling on preliminary objections, this Court accepts as true all well-pled allegations of material fact, as well as all inferences reasonably deducible from those facts. *Key v. Pa. Dep't of Corr.*, 185 A.3d 421 (Pa. Cmwlth. 2018). However, this Court need not accept unwarranted inferences, conclusions of law, argumentative allegations, or expressions of opinion. *Id.* For preliminary objections

---

[2] We note that Pridgen failed to file a brief in opposition to the preliminary objections, as directed by this Court's Orders dated October 25, 2023, and January 22, 2024.

> to be sustained, it must appear with certainty that the law will permit no recovery. *Id.* Any doubt must be resolved in favor of the non-moving party. *Id.*

*Feliciano v. Pa. Dep't of Corr.*, 250 A.3d 1269, 1274 (Pa. Cmwlth. 2021) (en banc) [quoting *Dantzler v. Wetzel*, 218 A.3d 519, 522 n.3 (Pa. Cmwlth. 2019)].

Here, we must first acknowledge that Pridgen seeks monetary damages in addition to declaratory relief. Because of this, we must address whether this Court may entertain Pridgen's claims for damages in our original jurisdiction. Respondents did not raise the issue of subject matter jurisdiction in their preliminary objections. However, because subject matter jurisdiction implicates this Court's power to enter a binding judgment, the issue is not waivable, and we are obliged to raise it ourselves if not raised by the parties. *See, e.g.*, *Heath v. Workers' Comp. Appeal Bd. (Pa. Bd. of Prob. & Parole)*, 860 A.2d 25, 29 (Pa. 2004).

The Petition avers that this Court has original jurisdiction over this matter pursuant to Section 761 of the Judicial Code, 42 Pa.C.S. § 761. It is true that the General Assembly has defined our subject matter jurisdiction to include, generally, "all civil actions or proceedings . . . [a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity[.]" 42 Pa.C.S. § 761(a)(1). However, this general rule is immediately followed by several exceptions, including "actions or proceedings in the nature of trespass to which the Commonwealth government formerly enjoyed sovereign or other immunity[.]" 42 Pa.C.S. § 761(a)(1)(v). This exception means that "this Court lacks original jurisdiction over tort actions for money damages that are premised on either common law trespass or a civil action for deprivation of civil rights under 42 U.S.C. § 1983." *Miles v. Beard*, 847 A.2d 161, 164 (Pa. Cmwlth. 2004) (citations omitted). As our Supreme Court further explained, "actions against the Commonwealth or its officers

. . . for money damages based on tort liability are outside the original jurisdiction of Commonwealth Court[.]" *Balshy v. Rank*, 490 A.2d 415, 420-21 (Pa. 1985). This holds true even though Pridgen is also seeking declaratory relief since the core of his Petition is a civil rights action. *See Stackhouse v. Commonwealth*, 832 A.2d 1004, 1009 (Pa. 2003) (plurality); *see also Wilson v. Marrow*, 917 A.2d 357, 362 (Pa. Cmwlth. 2007) ("where the core of the [petition] is a tort action, original jurisdiction lies in common pleas court regardless of an ancillary request for declaratory relief"); *Miles* (same).

Because the Petition here is a civil action seeking money damages for purported civil rights deprivations, this Court does not have original jurisdiction. Notwithstanding, rather than dismiss the matter, we shall transfer it to the proper tribunal, that being the Court of Common Pleas of Lancaster County. *See* Section 5103(a) of the Judicial Code, 42 Pa.C.S. § 5103(a); *see also Twitty v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 36 M.D. 2023, filed July 26, 2024), slip op. at 4; *Prater v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 392 M.D. 2018, filed July 10, 2019), slip op. at 12-13.[3]

Accordingly, the action is transferred to the Court of Common Pleas of Lancaster County.

 

 

**BONNIE BRIGANCE LEADBETTER**
President Judge Emerita

---

[3] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Mario Pridgen, :
                      Petitioner :
         :
        v. : No. 311 M.D. 2023
         :
Mary E. Anater; Office of Clerk of :
Courts of Lancaster County, :
               Respondents :

## **O R D E R**

AND NOW, this 10th day of October, 2024, because this Court lacks subject matter jurisdiction, this matter is TRANSFERRED to the Court of Common Pleas of Lancaster County. The Commonwealth Court Prothonotary shall transmit the record of the above-captioned proceedings to the Prothonotary of the Court of Common Pleas of Lancaster County, together with a copy of this opinion and order, as well as a copy of this matter's docket entries.

 

**BONNIE BRIGANCE LEADBETTER**
President Judge Emerita