# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daryl Pitts, : 
        Petitioner :
: No. 438 M.D. 2021
        v. :
: Submitted: December 8, 2025
Pa, Dept. of Corrections, :
        Respondent :


BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
             HONORABLE LORI A. DUMAS, Judge
             HONORABLE MATTHEW S. WOLF, Judge


## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                                 **FILED: January 13, 2026**


Daryl Pitts (Petitioner) is a state inmate currently incarcerated at the State Correctional Institution at Greene (SCI-Greene). Proceeding *pro se*, he has filed a petition for review in this Court's original jurisdiction, alleging that agents of the Department of Corrections (DOC) confiscated his legal papers in violation of his constitutional rights of access to the courts and due process. Petitioner seeks injunctive relief and money damages.

In response, DOC has filed preliminary objections in the nature of a demurrer. Additionally, Petitioner has filed an application for summary relief. Upon review, we lack jurisdiction over Petitioner's claims and consequently transfer this

matter to the Court of Common Pleas of Greene County (Common Pleas) for disposition.[1]

## I. BACKGROUND[2]

In October 2020, Petitioner was placed in a restricted housing unit (RHU) because he refused a cellmate. DOC corrections officers inventoried Petitioner's property for storage until his release back into the general population. In May 2021, Petitioner was to be released from RHU, but, noticing that several boxes of his property were missing, he refused to leave RHU without his property. Nevertheless, in June 2021, Petitioner was ordered back into the general population. Upon his return, Petitioner learned that his legal papers had been confiscated.

In July 2021, Petitioner filed a grievance. Following an investigation, the facility grievance coordinator denied relief, concluding that (1) Petitioner's property had been confiscated in October 2020 for being over compliance and (2) Petitioner's grievance was untimely. Petitioner then unsuccessfully appealed to the facility manager and DOC's central office.

In November 2021, Petitioner commenced this litigation. Although he has specifically invoked the Fourteenth Amendment of the United States Constitution, Petitioner further averred that DOC's policy limiting his possession of legal documents, absent a DOC waiver to possess extra storage boxes, has interfered

---

[1] SCI-Greene is located in Greene County. *See* Com. of Pa., SCI Greene, https://www.pa.gov/agencies/cor/state-prisons/sci-greene (last accessed January 5, 2026); Pa.R.E. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

[2] Unless stated otherwise, we derive this background from Petitioner's petition for review and its attached exhibits. *See* Pet. for Rev., 11/22/21.

with his right of access to the courts.[3]  In relief, Petitioner has requested the return or replacement of his property, $10,000 in punitive damages, and injunctive relief preventing further interference with inmates' access to the courts.

In January 2022, this Court granted Petitioner leave to proceed *in forma pauperis*.  *See* Cmwlth. Ct. Order, 1/20/22.  Thereafter, the litigation went dormant for several years, but this Court directed DOC to file an answer or other responsive pleading upon receiving Petitioner's certificate of service.  *See* Cmwlth. Ct. Order, 3/21/25; Cmwlth. Ct. Order, 3/4/25.

In April 2025, DOC filed its preliminary objections.  Resp't's Prelim. Objs., 4/21/25.  In May 2025, Petitioner answered those preliminary objections and filed an application for summary relief.  Pet'r's Answer, 5/14/25; Appl. for Summ. Relief, 4/25/25.

## II. DISCUSSION

Preliminarily, we address our jurisdiction to consider Petitioner's claims.[4]  Per Section 761(a) of the Judicial Code, the Commonwealth Court has original jurisdiction in cases asserted against "the Commonwealth government, including any officer thereof, acting in his official capacity," except those sounding in trespass or related assumpsit actions.  42 Pa.C.S. § 761(a)(1)(v).  An action in trespass seeks "money damages for any unlawful injury done to the [petitioner], in

---

[3] Petitioner has attached to his petition an excerpt of DOC policy DC-ADM 815, which indicates that an inmate must formally request permission to maintain extra storage boxes for legal materials.  *See* Pet. for Rev., Ex. 9.

The right of access to the courts is an express provision in the Pennsylvania Constitution, *see* Pa. Const. art. I, § 11, and multiple provisions of the United States Constitution. *See Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002).

[4] We may consider whether a litigant has invoked this Court's jurisdiction *sua sponte*. *Gentilquore v. Pa. Dep't of Corr.*, 326 A.3d 512, 516 n.9 (Pa. Cmwlth. 2024) (*en banc*) (citing *Blount v. Phila. Parking Auth.*, 965 A.2d 226, 229 (Pa. 2009)).

respect either to his person, property, or rights, by the immediate force and violence of the [respondent]." *Balshy v. Rank*, 490 A.2d 415, 420 (Pa. 1985) (cleaned up). Such actions "fall outside the scope of the Commonwealth Court's original jurisdiction and are properly commenced in the courts of common pleas." *Stackhouse v. Com.*, 832 A.2d 1004, 1008 (Pa. 2003).

This Court retains ancillary jurisdiction over such claims if they are related to a claim within this Court's original jurisdiction. 42 Pa.C.S. § 761(c). Nevertheless, the mere inclusion of claims for declaratory or injunctive relief, particularly where "premised upon the same events," does not "transform a [petition] from one sounding in trespass into the type of matter . . . belonging within the Commonwealth Court's original jurisdiction." *Stackhouse*, 832 A.2d at 1008; *see also Miles v. Beard*, 847 A.2d 161, 165 (Pa. Cmwlth. 2004); *Rosario v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 474 M.D. 2020, filed Nov. 29, 2022) (unreported), slip op. at 4-5, 2022 WL 17258846 at *2; *Mayo v. Dep't of Corr.* (Pa. Cmwlth., No. 479 M.D. 2018, filed Dec. 9, 2020) (unreported), slip op. at 5, 2020 WL 7238534 at *3.[5]

For example, in *Rosario*, a state inmate challenged DOC policies and procedures related to mail deliveries. *Rosario*, slip op. at 2, 2022 WL 17258846 at *1. Asserting his constitutionally protected freedom of speech and alleging the wrongful deprivation of his property, the inmate sought declaratory and injunctive relief, as well as compensatory and punitive damages. *Id.* Upon review, and citing *Stackhouse* and *Miles*, a panel of this Court *sua sponte* concluded that we lacked original or ancillary jurisdiction. *Id.*, slip op. at 4-5, 2022 WL 17258846 at *2-3.

Similarly, Petitioner has framed a challenge to DOC policy in constitutional terms. He seeks the return or replacement of his property, injunctive

---

[5] We may cite unreported decisions of this Court for their persuasive value. *See* Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

4

relief, and money damages to punish DOC. As in *Rosario*, we lack original or ancillary jurisdiction over Petitioner's claims. *See id.*; *see also, e.g., Stackhouse*, 832 A.2d at 1008 (concluding that monetary compensation sought for alleged improper invasion of privacy and reputational interests deprived the Commonwealth Court of jurisdiction); *Miles*, 847 A.2d at 165 (concluding that the Court lacked jurisdiction because the request for injunctive relief did not transform the substance of claims seeking compensatory and punitive damages for alleged violation of 42 U.S.C. § 1983).

### III. CONCLUSION

For the reasons set forth above, we lack jurisdiction to consider this petition for review. Accordingly, we transfer it to Common Pleas, which shall treat it as a complaint filed in its original jurisdiction. *See Stedman v. Lancaster Cnty. Bd. of Comm'rs*, 221 A.3d 747, 760-61 (Pa. Cmwlth. 2019) (*en banc*). Upon Common Pleas' receipt of the record, it shall resolve DOC's preliminary objections as well as Petitioner's application for summary relief.[6]

**LORI A. DUMAS, Judge**

---

[6] Apart from the trespass alleged by Petitioner and to the extent he remains dissatisfied with the outcome of his prison grievance, we direct Common Pleas' attention to this Court's recent decision in *Walker v. SCI-Greene Psychology Department, Staff/Supervisors*, --- A.3d ---, 2025 WL 3724076 (Pa. Cmwlth., No. 475 CD 2024, filed Dec. 24, 2025).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daryl Pitts,                                    :
                Petitioner          :
                                               :    No. 438 M.D. 2021
          v.                          :
                                               :
Pa, Dept. of Corrections,                       :
                Respondent        :

## O R D E R

AND NOW, this 13th day of January, 2026, it is hereby ORDERED that the Petition for Review filed by Daryl Pitts (Petitioner) on November 22, 2021, is TRANSFERRED to the Court of Common Pleas of Greene County (Common Pleas), because this Court lacks original or ancillary jurisdiction.

The Commonwealth Court's Prothonotary shall transmit the record of the above-captioned proceedings to Common Pleas' Prothonotary, together with a copy of this opinion and order, as well as a certified copy of this matter's docket entries. Subsequent to transfer, the assigned Common Pleas judge shall rule upon the unresolved preliminary objections filed by the Department of Corrections, as well as Petitioner's application for summary relief.

 

 

**LORI A. DUMAS, Judge**