IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Freeman,            :
                Petitioner        :
                                  :
         v.                      :
                                  :
Pennsylvania Parole Board     :
of Probation and Parole and     :
General Assembly,              :    No. 238 M.D. 2021
                Respondents     :    Submitted: July 1, 2022

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED: December 7, 2022

Before this Court are the preliminary objections of the Pennsylvania Parole Board (Board)[1] to a "Petition for Review in the Nature of a Complaint Seeking Declaratory Judgment and Injunctive Relief" (Petition) filed by Christopher Freeman (Freeman), *pro se*, which was addressed to this Court's original jurisdiction. Upon review, we are constrained by this Court's binding precedent in *Scott v. Pennsylvania Board of Probation & Parole*, 256 A.3d 483 (Pa. Cmwlth. 2021), *aff'd* (Pa., No. 16 WAP 2021, filed Oct. 19, 2022), to sustain the Board's preliminary objection asserting lack of jurisdiction. Accordingly, we dismiss the Petition.

---

[1] This opinion uses the correct name of the party although Petitioner's caption does not use the correct designation for the Board.

# I. Background

In October 2012, at the age of 18, Freeman was sentenced to life imprisonment following his convictions for the crimes of second-degree murder (felony murder),[2] burglary, robbery of a motor vehicle and conspiracy to commit burglary. Petition, 7/19/21 at 3-5, ¶¶ 2, 8, 11 & 13. In April 2021, Freeman submitted an application for parole, which the Board denied pursuant to Section 6137(a) of the Prisons and Parole Code (Parole Code),[3] 61 Pa.C.S. § 6137(a).[4] *Id.* at 3-4, ¶¶ 9-10.

Freeman filed his Petition in July 2021. *See id.* at 1. He asserts three related claims. First, he alleges that the Board's enforcement of Section 6137 of the Parole Code, 61 Pa.C.S. § 6137, to deny him parole consideration on the basis of his mandatory sentence of life imprisonment for felony murder constitutes "death-by-incarceration" and violates the proscriptions against cruel punishments in article I, section 13 of the Pennsylvania Constitution and the Eighth Amendment to the United States Constitution.[5] *Id.* at 13, ¶¶ 55-59. Second, Freeman contends that, under the analytical factors identified in *Commonwealth v. Edmunds*, 586 A.2d 887 (Pa. 1991),

---

[2] "A criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony." Section 2502(b) of the Crimes Code, 18 Pa.C.S. § 2502(b). "Except as provided under [S]ection 1102.1 [pertaining to persons who were under the age of 18 at the time of the commission of the offense], a person who has been convicted of murder of the second degree . . . shall be sentenced to a term of life imprisonment." Section 1102(b) of the Crimes Code, 18 Pa.C.S. § 1102(b).

[3] 61 Pa.C.S. §§ 101-7301.

[4] Pursuant to Section 6137(a)(1) of the Parole Code, "[t]he [B]oard . . . may release on parole any offender to whom the power to parole is granted to the [B]oard by this chapter, except an offender condemned to death or serving life imprisonment . . . ." 61 Pa.C.S. § 6137(a)(1).

[5] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted." Pa. Const. art. I, § 13. Article I, section 13 of the Pennsylvania Constitution is identical to the Eighth Amendment to the United States Constitution, U.S. Const. amend. XIII.

2

article I, section 13 of the Pennsylvania Constitution affords greater protection against cruel punishments than the Eighth Amendment of the United States Constitution. *Id.* at 14, ¶ 63. Third, Freeman reiterates his first claim, this time naming the General Assembly rather than the Board as violating his constitutional right to be free from cruel punishment. *Id.* at 15, ¶ 67. Freeman asks this Court to declare Section 6137 of the Parole Code unconstitutional; order the Board to develop plans, criteria, and procedural safeguards governing parole review for persons convicted of felony murder; hold an evidentiary hearing to develop a record in regard to whether application of Section 6137 of the Parole Code to "those who did not take a life or intend to take a life is unjustified when considered in relation to legitimate penological purposes"; apply the *Edmunds* factors; and order the Board to consider Freeman for parole.[6]

## II. Issues

The Board filed preliminary objections[7] asserting that this Court lacks jurisdiction over Freeman's claims and that the Board is an improper party to

---

[6] Freeman also requests that the General Assembly consider passing Senate Bill 293 and House Bill 2135 to render offenders convicted of second-degree murder eligible for parole consideration. Petition, 7-19-21 16, ¶ 78.

[7] Preliminary objections "are deemed to admit all well-pleaded material facts and any inferences reasonably deduced therefrom . . . ." *Lennitt v. Dep't of Corr.*, 964 A.2d 37, 40 (Pa. Cmwlth. 2008). "The Court, however, is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review." *Thomas v. Corbett*, 90 A.3d 789, 794 (Pa. Cmwlth. 2014). "Any doubt must be resolved in favor of the party seeking the injunction." *Id.* "A demurrer will not be sustained unless the face of the pleadings shows that the law will not permit recovery, and any doubts should be resolved against sustaining the demurrer." *Barndt v. Pa. Dep't of Corr.*, 902 A.2d 589, 592 (Pa. Cmwlth. 2006); *see also Mueller v. Pa. State Police Headquarters*, 532 A.2d 900, 902 (Pa. Cmwlth. 1987) (holding that "[w]hen faced with a demurrer, the pertinent inquiry for a reviewing court is to determine whether the petitioner has stated on the face of his petition a cause of action that, if proved, would entitle him to relief").

3

Freeman's suit.  *See* Prelim. Obj. at 3-5 & 7-8, ¶¶ 6-15 & 29-39; Board's Br. at 3 (citing Section 761(a)(1)(i) of the Judicial Code,[8] 42 Pa.C.S. § 761(a)(1)(i)).  The Board contends that because Freeman's eligibility for parole was determined by the sentencing court, rather than the Board, Freeman's attack is "on the sentence itself, which he was obligated to challenge at the time [of sentencing] and through the criminal process[.]"  Board's Br. at 3 (citing *Scott*, 256 A.3d at 491).

The Board further avers that Freeman's claims are barred by the doctrine of laches, as he "is challenging a sentence that was imposed . . . over a decade ago" in the context of "a statute that was enacted several decades ago."  Board's Br. at 4-5.  The Board also asserts that Freeman should have challenged his sentence through the criminal appeals process.  *Id.* at 5.  The Board maintains that if sentences of life imprisonment without the possibility of parole were declared unconstitutional and this new constitutional right were to apply retroactively, Freeman could then file a petition under Section 9545(b)(1)(iii) of the Post Conviction Relief Act (PCRA),[9] 42 Pa.C.S. § 9545(b)(1)(iii).[10]  *Id.* at 5.

---

[8] 42 Pa.C.S. §§ 101-9913.

[9] 42 Pa.C.S. §§ 9541-9546.

[10] Section 9545 of the Post Conviction Relief Act provides, in relevant part:

> (a) Original jurisdiction.--Original jurisdiction over a proceeding under this subchapter shall be in the court of common pleas. No court shall have authority to entertain a request for any form of relief in anticipation of the filing of a petition under this subchapter.
>
> (b) Time for filing petition.—
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

Additionally, the Board asserts that it is an improper party to Freeman's suit, as it lacks any discretion under Section 6137(a) of the Parole Code to consider Freeman for parole. *See* Board's Br. at 5-6 (citing *Hudson v. Pa. Bd. of Prob. & Parole*, 204 A.3d 392, 399 (Pa. 2019) (stating that "[t]here is no statutory authorization for the Board to grant parole to an individual sentenced to a mandatory life term")). The Board, therefore, maintains that Freeman's "real quibble is not with the Board," but rather "with the General Assembly, which set the penalty that [Freeman] seeks to cast aside." *Id.* at 6.

Lastly, the Board contends that this Court should dismiss Freeman's claims because they are devoid of merit. *See* Board's Br. at 6. Freeman fails to cite any authority supporting his proposition that a sentence of life without parole for an adult offender convicted of homicide violates the United States Constitution's prohibition against cruel and unusual punishment, because no such caselaw exists. *Id.* at 7. The Board further contends that "[t]he guarantee against cruel and unusual punishment contained in the Pennsylvania Constitution provides no greater protection[] than that afforded under the Eighth Amendment to the United States Constitution." *Id.* at 7 (quoting *Jochen v. Horn*, 727 A.2d 645, 649 (Pa. Cmwlth. 1999)).

Freeman counters that this Court possesses jurisdiction over his suit pursuant to Section 761(a)(1) of the Judicial Code, 42 Pa.C.S. § 761(a)(1), because

. . .

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(a), (b)(1)(iii).

5

the Board is a named defendant. *See* Freeman's Br. at 2. Freeman contends that his suit levies "a facial and as applied Eighth Amendment challenge to the provisions of the . . . Parole Code," rather than "an attack on [his] convictions or sentences[.]" *Id.* (quoting *Scott*, 256 A.3d at 496 (Leadbetter, S.J., dissenting)). Freeman also asserts that his claims are not stale, as they present "a limited challenge to [S]ection 6137(a) of the Parole Code and [the] Board's enforcement of that provision[.]" *Id.* at 2-3. Freeman maintains that the Board is a proper party to the suit because it has violated his constitutional rights by enforcing Section 6137(a) of the Parole Code to continue his incarceration for life without eligibility for parole. *Id.* at 3.

### III. Discussion

Given the substantial similarity of the present claims and arguments to those decided by this Court in *Scott*, we conclude that our disposition of *Scott* controls this matter. In *Scott*, the petitioners had been convicted of felony murders and were serving mandatory sentences of life imprisonment. They submitted applications for parole, which the Board denied pursuant to Section 6137(a) of the Parole Code, 61 Pa.C.S. § 6137(a). *See Scott*, 256 A.3d at 486. The petitioners thereafter filed a petition for review in this Court seeking declaratory and injunctive relief, asserting that sentences of life imprisonment without the possibility of parole constituted unconstitutionally cruel punishments when applied to defendants who had lessened culpability because they did not kill or intend to kill as part of their crimes of conviction. *See id.* at 485-86. The petitioners, therefore, asserted that their sentences constituted cruel punishment in violation of the Eighth Amendment to the United States Constitution and article I, section 13 of the Pennsylvania Constitution. *See id.* Like Freeman here, the petitioners in *Scott* also argued that under the *Edmunds* factors, article I, section 13 of the Pennsylvania Constitution provides

greater protection than the Eighth Amendment to the United States Constitution, and the petitioners' life sentences for felony murder convictions, where they did not kill or intend to kill as part of their crime of conviction, constituted cruel punishments in violation of article I, section 13 of the Pennsylvania Constitution. *See id.* at 486-87. The *Scott* petitioners sought the same forms of relief that Freeman seeks here. *See id.* at 487.

As it did here, the Board filed preliminary objections in *Scott*, asserting that the Court lacked jurisdiction over the matter and that the Board was an improper party. *See Scott*, 256 A.3d at 487. The Board also demurred on the basis that the petitioners' claims were stale and meritless. *See id.*

This Court sustained the Board's preliminary objection raising lack of jurisdiction and dismissed the petition. *See Scott*, 256 A.3d at 495. As a preliminary matter, we observed that this Court is vested with original jurisdiction over "all civil actions or proceedings . . . [a]gainst the Commonwealth government." *Id.* at 488 (quoting Section 761(a)(1) of the Judicial Code, 42 Pa. C.S. § 761(a)(1)). We further noted "that this general rule is subject to certain exceptions, including when the action or proceeding is 'in the nature of applications for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the [C]ourt.'" *Id.* (quoting Section 761(a)(1)(i) of the Judicial Code, 42 Pa. C.S. § 761(a)(1)(i)). Thus, we identified "[t]he crux of the disagreement between the parties concerning jurisdiction [as] center[ing] on whether the [p]etition [fell] under the general rule or the exception." *Id.* at 488-89. In determining that the petition fell outside this Court's original jurisdiction, we reasoned that "the inclusion of a count for declaratory or injunctive relief . . . [could not] properly be understood to transform [a] complaint from one sounding in trespass into the type of matter . . .

7

belonging within the Commonwealth Court's original jurisdiction." *Id.* at 490 (quoting *Stackhouse v. Commonwealth*, 832 A.2d 1004, 1008 (Pa. 2003) (holding that jurisdiction lay in the court of common pleas "notwithstanding the injunctive/declaratory label attached to [c]ount I of the complaint, reasoning that "permitting jurisdictional questions to turn solely upon the styling of claims within a complaint would arguably permit forum shopping through pleading" and that courts "have traditionally looked to the substance rather than the form of the complaint to determine matters of jurisdiction")).

Highlighting the petitioners' assertions that their sentences were unconstitutional, we determined that "[t]hese averments squarely challenge[d] the constitutionality of [the p]etitioners' sentences." *Scott*, 256 A.3d at 491. We reasoned:

> [T]o the extent [the p]etitioners contend[ed] that they [were] not attacking their sentences, their argument [was] belied by the [p]etition itself. As such, their challenges [were] in the nature of claims seeking post-conviction relief. In this respect, Section 9542 of the PCRA, 42 Pa. C.S. § 9542, provides: "This subchapter provides for an action by which . . . persons serving illegal sentences may obtain collateral relief. The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis."
>
> Nonetheless, in an effort to invoke our original jurisdiction, [the p]etitioners have presented their sentencing claims in the context of a "Petition for Review in the Nature of a Complaint Seeking Declaratory Judgment and Injunctive Relief." In furtherance of this objective, [the p]etitioners have asserted a challenge to the Board's enforcement of Section 6137 of the Parole Code in the context of each of their two claims, in addition to

8

the averments explicitly challenging their sentences. . . . They have likewise included discrete assertions that the Board's enforcement of Section 6137 constitutes cruel punishment in the averments leading up to those two claims. . . . Additionally, [the p]etitioners have limited their requests for redress on the face of their [p]etition to declaratory and injunctive relief . . . .

While these circumstances at first blush appear[ed] to support [the p]etitioners' claim that original jurisdiction lay with this Court, we agree with the Board that [the p]etitioners have fashioned the [p]etition in this manner in a thinly veiled attempt to forum shop through pleading, which we will not countenance. *See Stackhouse*, 832 A.2d at 1008.

*Id.* at 491-92. Further, we explained that

[w]hile [the p]etitioners purport[ed] to limit their challenge only to the constitutionality of Section 6137 of the Parole Code and [sought] "mere parole eligibility," they [were] collaterally attacking their sentences. They may not collaterally attack their sentences by using a civil action in this Court seeking declaratory and injunctive relief. *See* [] *Guarrasi v. Scott*, 25 A.3d 394, 402 (Pa. Cmwlth. 2011) (observing that plaintiff "may not use a civil action for declaratory judgment in our original jurisdiction to collaterally attack the legality of his criminal proceedings" and reiterating that "[t]he PCRA is the sole means by which . . . persons serving illegal sentences may obtain collateral relief") (internal quotation marks and citations omitted).

Further, if we were to direct the Board to consider [the p]etitioners' eligibility for parole despite their unchallenged "life" sentences, granting such relief would, in effect, equate to this Court and/or the Board imposing new minimum sentences upon [the p]etitioners. Neither this Court nor the Board, however, can alter [the p]etitioners' criminal sentences; that task is for the courts of common pleas. These considerations lend additional support to our conclusion that, notwithstanding their styling of the [the p]etition and arguments to the contrary,

9

[p]etitioners [were] indeed challenging their sentences and seeking sentencing relief.

*Id.* at 492-93 (citing *Hill v. Commonwealth* (Pa. Cmwlth. No. 152 M.D. 2008, filed Sept. 26, 2008)[11] (sustaining a demurrer to a complaint filed by an inmate serving a life sentence for second-degree murder; the inmate's request to enjoin enforcement of Section 1102 of the Crimes Code, 18 Pa.C.S. § 1102, and a former provision of the Parole Code precluding parole consideration for convicts serving sentences of life imprisonment constituted an attempt to collaterally attack his sentence and his ineligibility for parole, which he should have pursued in accordance with the PCRA)). Thus, we concluded that

> [i]n sum, although styled as a "Petition for Review in the Nature of a Complaint Seeking Declaratory Judgment and Injunctive Relief" in form, it [was] apparent that [the p]etitioners [were] launching a collateral attack on their sentences in substance. As the [p]etition [was] "in the nature of an application seeking . . . post conviction relief" and there [were] no matters pending in our appellate jurisdiction that [were] ancillary to the [p]etition, this Court lack[ed] jurisdiction over the [p]etition pursuant to Section 761(a)(1) of the Judicial Code.

*Id.* at 495 (footnote omitted).[12]

Here, consistent with our analysis and conclusions in *Scott*, we agree with the Board that this Court does not possess original jurisdiction over Freeman's

---

[11] This unreported decision constitutes persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a).

[12] Senior Judge Leadbetter filed a dissenting opinion, disagreeing with the majority opinion on the basis that the *Scott* petition did not constitute an attack on the petitioners' convictions or sentences, but rather a facial and as-applied constitutional challenge to the provisions of the Parole Code. *See Scott*, 256 A.3d at 496. Senior Judge Leadbetter further stated that the petitioners' "claims plainly [could] not be raised in petitions filed pursuant to the [PCRA] because such petitions [had] been time-barred for many years and when they were timely, the pled circumstances which [] [gave] rise to potential Eighth Amendment claims did not exist." *Id.*

claims. Like the *Scott* petitioners, Freeman asserts that "[l]ife-without-parole sentences, as among the most severe punishments, are disproportionate and fail to serve legitimate penological interests when applied to defendants who did not kill or intend to kill as part of their crime of conviction and thus have lessened culpability," and, therefore, constitute cruel punishment in violation of the Eighth Amendment to the United States Constitution and article I, section 13 of the Pennsylvania Constitution. Petition, 7/19/21 at 14-15, ¶ 59; *see also id.* at 14-15, ¶¶ 65 & 72; *Scott*, 256 A.3d at 486-87. Freeman's averments squarely challenge the constitutionality of his sentence. *See Scott*, 256 A.3d at 491. Thus, Freeman's proper recourse was to pursue post-conviction relief in accordance with the requirements of the PCRA.[13] *Id.* Freeman "may not collaterally attack [his]

---

[13] Section 9545(b) of the PCRA provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b). In *Scott*,

sentence[] by using a civil action in this Court seeking declaratory and injunctive relief. *Id.* at 492.[14]

As in *Scott*, in light of our disposition of this issue, we need not address the remaining preliminary objections. Accordingly, for the foregoing reasons, and consistent with our analysis in *Scott*, we sustain the Board's preliminary objection asserting lack of jurisdiction and dismiss the Petition.

_____
CHRISTINE FIZZANO CANNON, Judge

_____

> we [were] careful to note that whether a PCRA petitioner is time-barred from bringing a claim that, substantively, is cognizable under the PCRA is immaterial to whether this Court has jurisdiction over that same claim. If it were the case that this Court had jurisdiction over claims that were time-barred under the PCRA, then PCRA petitioners would always bring those claims before this Court, and we would adjudicate them, based on that reasoning. Section 761(a)(1) of the Judicial Code provides, however, that we lack jurisdiction over "actions or proceedings in the nature of applications for . . . post-conviction relief," regardless of whether a court of proper jurisdiction is precluded from exercising it on timeliness grounds. To the extent that the dissent can be read to suggest otherwise, we respectfully disagree.

*Scott*, 256 A.3d at 494-95 (quoting 42 Pa.C.S. § 761(a)(1)).

[14] In *Scott*, this Court acknowledged the requirement set forth in Section 5103(a) of the Judicial Code, 42 Pa.C.S. § 5103(a), that a court shall not dismiss an erroneously filed matter for lack of jurisdiction, but shall transfer the case to the proper tribunal. *See Scott*, 256 A.3d at 495 n.14. Nevertheless, "in view of the true nature of [the p]etitioners' challenge, we [] agree[d] with the Board that it [was] not a proper party to the action," as "it is the Commonwealth that participates in post-conviction proceedings." *Id.* (citing Pa.R.Crim.P. 902(A), 903(A)-(B) & 906(A)). As the Board was the only named respondent, we deemed dismissal appropriate. Here, Freeman brought suit against both the Board and the General Assembly. Because the Commonwealth, rather than the General Assembly, participates in post-conviction proceedings, we likewise dismiss this matter in its entirety.

12

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Freeman,                        :
                    Petitioner             :
                                           :
        v.                                 :
                                           :
Pennsylvania Parole Board                  :
of Probation and Parole and                :
General Assembly,                          :    No. 238 M.D. 2021
                    Respondents            :


O R D E R


        AND NOW, this 7th day of December, 2022, the preliminary objection

filed by the Pennsylvania Parole Board asserting lack of jurisdiction is

SUSTAINED, and the "Petition for Review in the Nature of a Complaint Seeking

Declaratory Judgment and Injunctive Relief" filed on July 19, 2021 by Christopher

Freeman, *pro se*, is DISMISSED.


                            _____
                            CHRISTINE FIZZANO CANNON, Judge